In The Court of Criminal Appeals
of Texas

WR-62,970-06

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 30 2015

Abel Acosta, Clerk

In Re: Michael Dean Perry, Relator

Motion To Supplement Record on Mandamus

To The Honorable Justices of The Court of Criminal Appeals;

Comes now Michael Dean Perry, Relator, pro se, and in the interest of justice, files This Supplement to his previously filed Writ of Mandamus, and in support of his previously filed Writ of habeas Corpus Art. 11.07, and for good cause Relator would show the court the following;

1. Relator avers That due to the unprofessional and arbitrary acts of respondents very important exculpatory and impeachment evidence was intentionally omitted (discarded) from the record in the case at bar. Notwithstanding all of the Brady violations and denial of compulsory process before, during and even after Relators dubious trial. Respondents not only discarded 70 plus exhibits in support of his habeas Corpus, but The remainder of the remnant of Those exhibits arrived back at The Relators Prison Unit haphazardly packed away in a torn up envelope, with all of the staples missing! Unbelievable". If Relator had Tried to submit his mandamus, habeas Corpus, or even his exhibits to this court is such a state, They would have been refused for Non-Compliance! Relator maintains and avers That He does Not have access to a Copy machine in his prison Cell, Something The Government is well aware of.

1.

For that reason and more Relator took great risks at submitting his 70 exhibits to the State Court (188th District Court) specifically, the District Clerks office, and his two (2) Writ of habeas corpus 11.07! Whereas, Relator avers that a large part of his exhibits were one of a kind and Relator was not able to make copies thereof, even with carbon paper! Relator will again attempt to submit a portion of those exhibits, the ones that were not lost, discarded, or destroyed, albeit in piece-meal fashion nevertheless. The exhibits are exculpatory in nature, and cogent and coherent. However, exhibits #71 and #72 were not a part of the original filing, but nonetheless give meaningful support to Relators averments as set forth in his Writ of Habeas Corpus 11.07, and tacitly the the Writ of Mandamus. See also exhibit #73 The original cover sheet to the writ of Habeas Corpus 11.07 Count I. That was filed by Relator, of which the District Clerk has submitted to the C.C.A. in response to its order in and of the Mandamus However, the District Clerk disobeyed the Courts order by failing to submit a copy of the original cover sheet with the copy of the writ of habeas corpus 11.07 Count I on 10/12/2015. The copy with the whited out Date! (Emphasis Supplied) Coincidence? In the interest of Justice and fair play, Relator will take another great risk and submit exhibit #73, the original copy of the cover sheet of Count I Writ of Habeas Corpus 11.07 1b. 42,139-A-W-1 The one with the whited out Date! However, Relator will retain the cover sheet of the Writ of Habeas Corpus Count II 1B with the whited out Date, for any future investigation!

2. Relator further avers that his prison unit (Ellis unit) is currently on lock down status whereas, TDCJ conducts a bi-annual lock down/shake down. There is no movement by offenders and no access to the Law Library, Period! Relator avers that he is attempting to produce this writ and others from his tiny-little cell of which he shares with another prisoner, please forgive me if I make a couple errors, pardon my grammar.

2.

3. Relator avers that a brief discription of the following exhibits may be instructive, and some of the exhibits are listed in the original exhibits list already submitted to this Court, and with the original filing of Relators Writ of habeas Corpus! As Relator previously stated to this honorable Court, Since Respondents never processed his writ of habeas Corpus, he should be permitted to add additional grounds and/or exhibits, and in the interest of Justice, Right!?

4. Exhibit # 30 Petition for Writ of Habeas Corpus Application for the Appointment of Counsel Post Conviction Art. 11.07 C.C.P. Habeas Corpus Filed on October 22, 2014 Relators Birth day! Filed in the 188th District Court. Relator was denied relief Whereas, the Court never responded!

5. Exhibit # 12 Letter to the Honorable ex-Judge Lew Dunn (3/18/14)

6. Exhibits # 1C, # 4, # 2 Are letters from Relators Niece, the alleged victim exonerating Relator with recent statements Affidavits and the fact that Alanna went to the District Attorney's Office and tried to dismiss the charges. A fact that the D.A. never disclosed! Also, exhibit # 4 is a letter from Relators Mother Wilma McKinney, who states that She found Relators debit Card in Alannas purse with a Zero balance! Relator avers that over $2000.00 was stolen out of his bank account while he was rotting away in the Gregg County Jail awaiting his dubious and unconstitutional Trial!

7. Exhibits # 11, 11A, 11B, 11C, are letters written by Relator to his Court Appointed Attorney at Trial, Tim Cone Trying to explain about the Theft of his property to wit: Debit Card, Prescription Narcotics, Food Stamp Card, and about Alannas attempt to dismiss the unfounded charges! Even mentioning the Private Investigator issue, Again! Tim Cone and his buddies in the Prosecutors Office didn't want an Investigation! In fact, See Tim Cones letter in response exhibit # 12 where he states, inter alia, that he has a recorded recant statement made by Alanna McKinney in his file! Alanna made this recording long before Trial! Tim Cone with held this evidence, Talk about a Brady Violation/Michael Morton Act,

see also exhibit #22A1 Tim Cone knew better, he requested all of this information long before trial, but never disclosed any of it to me. I only found out about the illegal search of my back pack 2 days before my dubious trial. Tim Cone claims that this was all sound trial strategy. The illegal search of my house was not disclosed to me until after my trial by my mother Wilma McKinney. She had no idea that this fact was never disclosed to me. Just like the innocous knife taken from my home by police. Only later to conspire with the prosecutor to claim that they (police) found a knife in my back pack and then devise that plan of subterfuge of using a demonstrative knife. Tim Cone had to have known these facts all along. Look at Lew Dunns Reply Brief, pp. 1-3. How else would Lew Dunn know this? Bare in mind that none of Relators other property that was in his back pack and on his person was ever returned to him, including his $300.00 prescription eyeglasses and his $200.00 upper dentures. All disappeared.

8. Exhibit #5 Alanna McKinneys Indictment dated November 15, 2012 Offense: Fraudulent use of Identifying Information; Forgery. The check was made payable to Tye Cheree Sulter. This could very well be the name of the black male that ran off before police arrived at Relators home the night of the alleged assault.

     Alanna was already under investigation long before Relators arrest for stealing other peoples money. Just like she stole Relators money and his mother, and Alannas Grandmothers, money, by and through bank debit cards. Modus Operandi! Exculpatory and Impeachment Evidence!

9. See Exhibits #5A and #5B Alannas Order of Deferred Adjudication and Judgment Adjudicating Guilt whereas. Alannas offense was in fact committed on August 11. 2012 Of course she was in fear of the police! The police should have arrested her on that very night October 15, 2012! The District Attorney made a deal with Alanna to testify at my trial! Alanna Naïvely thought she could except a deal, get probation, and then tell the real truth on the stand, but Tanya Reed wasn't going to allow that to happen! Ms. Reed badgered her in front of the jury and further prejudiced Relator in the eyes of the Jury!

4.

Relator avers that Alanna had other charges pending, but in and of the plea bargain deal she had with Tanya Reed those charges were dismissed. Relator avers that none of this exculpatory and impeachment evidence was ever disclosed to him, either by the District Attorney or either one of his court appointed trial attorneys, or even his Appellate Attorney. Relator only obtained the copies of said documents as an appendix to Tanya Reeds Affidavit to the State Bar of Texas some 2 years after Relators Trial.

10. Exhibit #4A Magistrates Warning and Rights Relator avers that he was admonished by the Magistrate of his Rights and right to Counsel. However, as is obvious (?) Relator refused Counsel and later filed a pro se motion for an Examining Trial in the JP1 court, the court of Jurisdiction, on or about October 22, 2012 His Birthday. When there was no response, Relator filed a subsequent motion for Examining Trial in the 188th District court on or about October 30, 2012. Again, with No response. Relator avers that he had a fundamental right to an Examining Trial under C.C.P. Art. 28.01 the Trial began through the due process clause of the Fourteenth Amendment and Art. I sec 19 of the Texas Constitution. Furthermore, it is well established at the entity, Gregg County Courthouse, that Relator is well versed in the Law and he had every right to represent his self at the Examining Trial. See Art. I Sec. 10 Bill of Rights. At the Examining Trial, absent any this conduct (Brady Violation) Relator would have learned of the illegal Search and Seizure of Not only his backpack, but this home as well. Even the names of all those other Police Officers. Especially the ones that went back to Relators home the following day and searched Relators home without Consent and without a Search warrant. Even picking up the actually innocuous knife that was dropped by Relator. Then taking it with them. You can search the record in vain and you won't find their names anywhere or the location of that Paring knife or butter knife they took with them.

11. See exhibit #0 Motion to Suppress Evidence that was filed on February 25, 2013, right before Relators Jubilee Trial. Subterfuge. Relator avers that

5.

a Motion To Suppress Evidence is required to be Filed at least 10 days prior to Trial! There is No Sound Trial Strategy involved in waiting until just two days before Trial to attempt to File the Suppression Motion! See the Stamp Filed mark in the top right hand Corner! Relator avers that this was all part of their clever little plan to Trick me into waiving the Suppression of evidence leaving Subterfuge in this direction. Whereas, it clearly states Home on the Motion as well! I would have Found out about all of those pictures and the Police Coming back the next day and that they had No Search Warrant. Even their names, Right? Even their testimony, Right? The unnamed Police Officers would have had to disclose picking up the real innocuous knife From my home and taking it with them! Right? Tim Cone and Michael B. Lewis knew all of this all along! Since Relator is a Writ Writer and well versed in the Law, everyone of them knew Relator would object and Filed a dozen Writs, Right? That's also tacitly concedes why Relator was housed in Solitary Confinement and arbitrarily denied access to the County Law Library! Even being assaulted by Gregg County Guard, Adam Sloan" See exhibit # C Release Report".

12. Exhibit # C Release Report. Whereas Relator was erroneously arrested at his own home 5 B W. Broadway St. Longview. Tx For Criminal Trespass! And just two days Following his Baby Sisters untimely death, Roni Mckinney! The alleged victims Mother" While in jail, a guard named Adam Sloan assaulted Relator For having two mats and two blankets that Supervisor Cpl. Waldow previously gave Relator! Relator Filed a Civil Rights Suit! The Criminal Trespass charges were dismissed! However the Civil Rights Suit was still pending! As is obvious by the mug shot, Relator is wearing his $300.00 eye glasses! Also his dabit Card is listed, Mastercard #9236 Furthermore. Bill Jennings is listed as the detention officer. He was also a defendant in the Civil Rights Suit. Therefore, it was a Conflict of interest For him to testify at my Trial! Right?

13. Exhibit # 8 the standing pretrial Orders of both the 124th and the 188th District Courts For Felony Criminal Cases! Relator avers that the Order is self explanatory however, he will point out a Couple of

specific points 2. Affidavits of Search Warrants 4. Any agreement between the State and a Co-Defendant, accomplice or informant. 5. The criminal record of and pending charges against the alleged victim and any agreement between the State and such witnesses.

Note: As soon as practicable after the appointment of Counsel, the State shall provide all of This to Counsel and move! No Wonder They didn't want an examining Trial or even a Suppression hearing! Of Course. The State and Relators Court Appointed Attorney violated the order too!

At least Five (5) days before Trial The State shall produce the following:

1. All statements given by Third parties which resulted in The issuance of arrest or Search warrants, or which resulted in the charges being brought against the Defendant including those used before The Grand Jury.

Lets go back to the above No. 5. All exculpatory statements Made by any party or witness To this alleged offense Which is in The possession of or within the knowledge of the prosecuting attorney or any of its agents, including any law enforcement agency! whether such statements were written or oral. which might in any Manner be material to either the guilt or innocence of the Defendant, or the punishment, if any to be set in this Case! (Alumnas pending charges and recent statements)

8. All photographs etc! 7. All evidence, physical evidence seized by the State 12. All physical evidence including demonstrative evidence! (Emphasis Supplied) The State expects to use at Trial! In stark contrast to these Pre-Trial Orders, Tanya Reeds states in her Affidavit to the State bar That she is Not required to give any Notice before Trial of the use of demonstrative evidence! In fact, The respondents violated almost everyone of the Courts very own Pre-Trial and Trial Discovery standing Orders, In Limine Orders, and ingenuously, I might add! And without Compunction! And This has carried on into Not only The Writ of habeas Corpus, but The Writ of Mandamus as well! They Won't even obey an Order from The Highest Court of Appeals in the State of Texas! Relator avers and asserts That due to all of the violations aforesaid and a great deal more Not even Mentioned in This forum he was and is Continuing to be denied his right of Appeal Whereas. Viable claims

7.

That could have been raised by Relator have been irrevocably lost! Even on a Writ of Habeas Corpus like the names of those other Police Officers! The innocuous Paring Knife Police took from Relators Home. Etcetra!

14. Exhibit # 14c Letter from Lew Dunn also exhibit # 14B Whereas, Lew Dunn was well aware of the Brady Violations I told him about, and he was wrong. The evidence does not have to be admissible to wit! The innocuous Knife the Police took from my Home without a Search Warrant. Also the the issue of ineffective assistance of Counsel! In stark contrast, Lew raised several grounds of ineffective assistance of Counsel in Appellattes Brief but failed to raised the issue in Motion For New Trial! Relator avers that he has numerous other letters to and from Lew Dunn that go into more detail about the issues Relator wanted brought up on this appeal! Of which Lew Dunn refused to do! Like the missing Witness! Lew Dunn never hired a Private Investigator either! The Government would have paid for it! Sound Trial Strategy, Hardly! But he did raise the illegal Search and Seizure of my Home and the retrieval of the innocuous Knife from my Home in his dubious Reply Brief That the Sixth Court of Appeals completely ignored! All of this and more should have been raised in Motion For a New Trial! Like Relator did in his pro se Motion For New Trial! Of Which should be part of the record, Right?

15. Exhibit # A Presumption of Innocence / American Justice For the World to See! Even a Terrorist had the right to the presumption of innocence! And she said prosecutors should not be allowed to "Taint" Abu Khattala as "dangerous" in the eyes of prospective jurors! It was probably more than the accused Terrorist deserves, but exactly what hes entitled to in the American Justice System, unless, of course you're a Thorn in the side of Government like Mr. Perry! The prior assault Family Violence was against his Sister that just died! So keep that in mind when you go back, Tanya Reeds Jury Instruction! Sharp as a razor, heavy as an engine block! (Demonstrative Knife Ruse too, and all those side-bars)

16. Exhibit # B. Ex-DA says its too late For Discipline, the prosecutor is accused

8.

of withholding evidence in 1987 case of which lead to the Michael Morton Act. Relator maintains that the Prosecutor in the case at bar also withheld evidence. The Jailhouse phone call between him and his niece, the alleged victim. The Assistant District Attorney only used an excerpt from that phone call! She never even had a Search Warrant For the Jailhouse phone call also violating an Emergency Protective Order, even considering that an emergency protective order was moot and ridiculous. Since No one was injured and Relator was in jail and Not able to post bail! Langford, also withheld the illegal search and seizure of Relators back pack and Home! All the other Police officers names, that Police retrieved the Actual innoc- uous knife Relator dropped on the floor in his home! The fact that Alanna tried to dismiss the charges long before Trial, that Alanna had pending Felony charges, that she made a plea deal, and more.... Which begs The question, what else did the state withhold? Will Relator have to spend 25 years in Prison before obtaining Justice? Will the Assistant District Attorney's in the case at bar ever be held accountable for their many erroneous and unprofessional acts? Violating dozens of rules, way more than the one rule Relator is accused of violating, Rule 6.

17. Exhibit #71 Defense argues girls recant was withheld and Defendant claims Trial Attorney was ineffective For Not objecting and Relator avers that this case mirrors his case! Not only did the State/Respondents withhold the alleged victims recant statements, so did his Court Appointed Attorneys! The Sixth Court of Appeals faults Tim Cone for Not making the proper ob- jections at Trial thus, failing to preserve error for their review, but he wasn't ineffective, must have been Sound Trial Strategy Right? Same thing could be said of Appellate Counsel, Alannas recant letters that Relator mailed to Lew Dunn! Tim Cone for that matter, the tape recorded recant statement from the alleged victim that he still retains in his file! Never having produced it before, during, or even after Trial. 3 years and counting!

18. Exhibit #72 Corley endured an assault on her, The Fourth Amendment! Although Relator wasn't physically assaulted this time like he was in the prior tampering with evidence case, of which the civil rights suit that he filed went all the way to a Jury Trial! Relator avers that he was still

9.

The subject of an unreasonable and illegal search and seizure whereas, its past time these somnambulant people wake up to what is happening here, to what is being stolen! Our collective United States constitutional rights! In 1791, the Bill of Rights was ratified, including the Fourth Amendment, guaranteeing "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures."

Notwithstanding the fact that Relator was not sexually assaulted like this woman was, nevertheless, the search of his person, houses, papers and effects (back pack) was unreasonable just the same and the resultant illegally obtained evidence was used against him at his erroneous trial, of, which should have been excluded as Fruit of the Poisonous Tree Doctrine-Exclusionary Rule! And protected under the 14th Amendment Due Process Clause of the United States Constitution! Police stop and frisk (hand cuff) and beat without first establishing probable cause and some of you shrug and say, so what!

19. And finally we come to exhibit #73. The original cover sheet that list rules 1 through 10 for the filing of the Writ of Habeas Corpus 11.07 Instructions! Including rule 6. Said exhibit is marked as Count I. The date it was filed and initialed by a deputy has been whited out! Even the cause number was whited out! Relator avers that since the same file date and cause number were stamped on page two of the Application for Writ of Habeas Corpus, one could infer and/or ascertain that the act was erroneous, right? Especially since they whited out both Applications and the introduction letter to the District Clerk and tried to discard the whited out copies!


### Prayer


Wherefore premises considered. Relator respectfully prays that the Honorable Court of Criminal Appeals consider the averments as set forth in this motion and order the Clerk to include the exhibits herein as part of the record in this proceeding, or in the alternative, issue a ruling with specificity, in order to preserve error for any future appellate review, and such other, and further relief to which he may be justly entitled, at law and in equity or just cause be shown!

Respectfully Submitted,

Michael Glynn Perry, Relator
October 28th, 2015

10.

## Unsworn Declaration

I, Michael Dean Perry TDCJ No. 1838822, being presently incarcerated in the Texas Department of Criminal Justice at the Ellis Unit, 1697 FM 980 in Huntsville TX 77343 Declare under penalty of perjury that the above and foregoing is true and correct.

Executed on this the 28th day of October, 2015.

By the Relator x Michael Dean Perry TDCJ No. 1838822

## Certificate of Service

I, Michael Dean Perry TDCJ No. 1838822 do hereby certify that a true and correct copy of the above and foregoing Motion with exhibits and unsworn declaration and Certificate of service have been served by placing same in the U.S. Mail, First Class postage prepaid on this the 28th day of October 2015

By the Relator x Michael Dean Perry TDCJ No. 1838827

Return Service Requested: Michael Dean Perry TDCJ No. 1838825
Ellis Unit
1697 FM 980
Huntsville, TX 77343

ad Subjiciendum, Right?

11.

Exhibit #30

Ineffective Assistance of Counsel at Trial and on Direct Appeal!

Michael Dean Perry

V.

The State of Texas

188th District Court
In And For
Gregg County Texas

Appeal No. 06-13-00051-CR
Trial Cause No. 42,139-A
October 22, 2014

Petition for Writ of Habeas Corpus
Application for Appointment of Counsel
Post Conviction Art. 11.07 C.C.P. Habeas Corpus

To The Honorable Judge of said Court:

Comes now The Appellant, Michael Dean Perry, proceeding pro se, and in Forma pauperis, in The above styled and numbered cause, and moves This honorable Court To grant The Appellant The relief he request herein, and for good cause Appellant would show The following:

1. The accused in a criminal Trial has a right To Counsel under The Sixth Amendment. U.S. Const. see also Tex Code Crim Proc. Art.1.051 Right To Appointment of Counsel. by and The Fourteenth Amendment To The U.S. Constitution - Due Process guarantee, also see; Powell V. Alabama. 287 U.S. 45 (1932); Strickland V. Washington, 466 U.S. 668, 104 S. Ct. 2052 80 L. Ed. 2d 674 (1984); United States V. Chronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L. Ed 2d. (1984) Also see; Evitts V. Lucey 469 U.S. 105 S.Ct. 830. 83 L. Ed 2d 821 (1985) A defendant is entitled to effective assistance of Counsel, not only at Trial, but during his First Appeal as of right from his Conviction, a criminal defendant is attempting to demonstrate That The conviction, with its consequent drastic loss of Liberty is unlawful, To prosecute The appeal, a criminal Appellant must face an adversary proceeding That-like a Trial-is governed by intricate rules That To a lay person would be hopelessly

See Law Arms Reply Brief (Knife) (PP1-3) 1 of 8
(Illegal Search and Seizure)

Forbidding: An unrepresented appellant - like an unrepresented defendant at Trial - is unable to protect the vital interests at stake. But nominal representation on an appeal of right - like nominal representation at Trial - does not suffice to render the proceedings constitutionally adequate! A party who's counsel is unable to provide effective representation is in no better position than one who has no counsel at all! 469 U.S. at 396, 105 SCt. at 836 A defendant whose counsel is unable to provide him with effective assistance on direct appeal and who is prejudiced by the deprivation is thus entitled to a New Appeal. See: Mayo V. Henderson, 13 F.3d 528, 537 (2dcir); Cert denied — U.S. 115 S.Ct. 81, 130 (1994); Claudio V. Scully, 982 F2d 988, 806 (2d Civ 1992) Cert denied 508 U.S. 912, 113 S.Ct 2347, 124 LEd 2d 256 (1993); Fagan V. Washington, 942 F2d 1155, 1156 (7Th Civ 1991) Generally Speaking the performance of Appellate Counsel is assessed using the same standards applied to Trial Counsel under: Strickland V. Washington, supra; United States V. Chronic, supra; McFarland V. State 928 S.W. 2d 482, 500 (Tex.Crim.App. 1996) Also see; Freeman V. Lane, 962 F2d 1252, 1257 (7Th Civ 1992); Gray V. Greer, 800 F2d 644, 646 (7Th Civ 1986) The benchmark for judging any claim of ineffectiveness must be whether counsels conduct So undermined the proper functioning of the adverserial process that the Trial or Appeal cannot be relied on as having produced a just result. Strickland at 466, at 686, 104 S.Ct at 2046 Whereas: effective advocacy does not require the Appellate Attorney to raise every non frivolous issue under the sun. of course. Jones V. Barns. 463 U.S. 745, 103 S.ct. 3308, 77 L Ed 2d 987 (1983) After all, one of the principal functions of appellant counsel is winnowing out the potential claims So that the court may focus on those with the best prospects. Page V. United States, 884 F2d 300, 302 (7Th Civ 1989) This is not to say that counsels selection of the issues to pursue on appeal is beyond scrutiny! Were it legitimate to dismiss a claim of ineffective assistance of counsel on appeal solely because we found it improper to review appellate counsels choice of issues. The right to effective assistance of counsel on appeal would be worthless. Gray, 800 F2d at 646. Instead we engage in a pragmatic assessment of appellate counsels work, or lack of!

Genuinely strategic decisions that were arguably appropriate at the time, but with the benefit of hindsight, appear less than brilliant, will not be second guessed. Gray 800 F2d at 646, citing United States V. Harris, 558 F2d 366, 371 (7th Civ 1977) But when the appellate counsel omits, without legitimate strategic purpose, a significant and obvious issue, we'll deem his performance deficient. Gray 800 F2d at 646; Hollenback, 987 F2d at 1275, and when that omitted issue may have resulted in a dismissal of the conviction, or an order for a new trial, we will deem the lack of effective counsel prejudicial (Gray, 800 F2d at 646) Thus; When a claim of ineffective assistance of counsel is based on failure to raise viable issues, The district court must examine the trial court record to determine whether appellate counsel failed to present significant issues which could have been raised. Generally, only when ignored issues are clearly stronger than some of those presented, will the presumption of effective assistance of counsel be overcome; Gray 800 F2d at 846; also see, Hollenback, 987 F2d at 1275. The ultimate question we ask is whether, but for counsel's errors, there is a reasonable probability That the outcome of the proceeding would have been different; Freeman, 962 F2d at 1258 (Appellants Trial Cause No. 42,139-A and Perrys Direct Appeal No. 06-13-00051-CR Sixth Court of Appeals-Texarkana Tx.)

2. Appellant Michael Don Perry filed his own pro se motion for a New Trial on or about March 24th, 2013. However, said motion was not stamp filed by the clerk until April 23, 2013 Appellant would point out that his pro se motion for New Trial was dated March 24, 2013 the exact same date as his Appellate Attorney's motion for a new Trial! Its no wonder the clerk failed to stamp file Appellants Pro se motion for New Trial. In order to claim that his Appellate Attorney was unaware of all the issues raised in the pro se motion for New Trial! Appellant avers that Hetimely notified Lew Dunn of what he wanted included in the motion for New Trial, Several of the issues concerned ineffective assistance of counsel at Trial!

3 of 8

That He was denied a Fair and impartial Trial. That defendant was denied Discovery-Brady Materials! That There was an illegal Search Seizure Not only just his person and back pack, but his Home as well. see; Appellants prose Motion For New Trial-Stamp Filed April 23, 2013. Of which is available For Appellate review see; Robin V. State 260 S.W. 3d 919 (Tex Crim App 2000) Lew Dunn was well aware of all the issues Perry wanted included in his Motion For New Trial. Perry Maintains That if the jury would have heard and seen all of the evidence in its entirety, and Not just The evidence provided by The Prosecutor and Appellants ineffective Trial Attorney, The Trial would have had a completely different outcome! The same could be said For his direct Appeal! Appellant avers that a great deal of These issues were also raised and preserved in a Writ of Mandamus Filed in The Sixth Court of Appeals on April 3, 2014, long before his Direct Appeal Was Arbitrarily Denied! Appellant even Filed a Writ of Mandamus in The Texas Court of Criminal Appeals: Writ No. WR-62,920-05 Styled; Perry, Michael Dean. Trial Ct. No: 12-194 51 Date: 12/19/2012 (Examining Trial (x2) (Motion For Private Investigator)

3. Appellant avers That his Court appointed Appellate Counsel Failed to include Brady Violations in Motion For New Trial. Whether This evidence is referred to as Newly discovered, is just a Matter of who's opinion you believe! OF Course, That was For The jury to decide and Not The Prosecutor or Court Appointed Counsel. Lew Dunn was well aware of all The Brady Violations long before he Filed his dubious Motion For New Trial and subsequent Appellate Brief. See; Michael Dean Perrys previously Filed Motion For Appointment of Counsel Filed on July 29, 2013 Appellant Maintains That this Court Appointed Appellate Counsel refused and Failed to include exculpatory evidence, Not only in Motion For New Trial, but in his Direct Appeal, Grounds For relief expressly requested to be included in his direct Appeal and Motion For New Trial! Appellant has had Two witnesses That have submitted Notorized Sworn Affidavits Since Trial, exhonerating the Appellant and proving Police misconduct as well as Attorney misconduct- Prosecutors and Court Appointed Counsel!

4 of 8

Appellant avers that he will submit these Affidavits in an Appendix to his Writ of Habeas Corpus. The ramifications of the Allegations made in these affidavits will be far reaching and will prove beyond a reasonable doubt that Appellant is actually innocent, like Appellant has maintained from the very beginning. Appellants position has not changed since his initial false arrest and subsequent illegal and unconstitutional imprisonment.

4. Appellant avers that from the initial appointment of his Appellate Counsel There has been a Conflict of interest. Whereas, Lew Dunn was previously the Municipal Court Judge in Longview, TX. He in fact Sentenced me to incarceration numerous times, All of which were used against me at my trial. I notified Judge Dunn soon after he was Court Appointed to my case that I didnt feel comfortable with an Attorney that previously sentenced me to imprisonment numerous times. I have all of our correspondence to back up my assertions. As if that were not enough, when I informed Judge Dunn about all the Brady violations long before he Filed the Motion for New Trial and Subsequent Appellate Brief. Mr. Dunn adamantly refused to file a Motion for a New Trial stating some of those Brady violations! (you know, all of the evidence the state and the Police covered up! The illegal Search of my Home! The Police Officer Nikkie Williams picking up "THE KNIFE" (butter knife) that I dropped in the house and took it with her! And never did disclose this fact. Yes, I have an unimpeachable Eye witness that provided me with a Sworn-Notarized Affidavit. This witness also avers, inter alia, that the alleged victim was not injured and not hysterical. Nor did the police have a valid search warrant or Probable cause. Or Consent to search! When Appellant informed his Appellate Attorney of all these Brady violations. He should have at the least, hired a private investigator in order to get to the bottom of it. Just like Tim Cone and Michael B. Lewis, there was absolutely No Investigation done. Period. In fact. Appellant had to do his own investigation from Prison! See Ake V. Oklahoma 470 U.S. 68, 77, 105 S Ct 1087, 1093, (1985)

5 of 8

Furthermore, on the issue of the Private Investigator, being a Writ writer in prison puts me in the unique position to review other peoples cases and Appellate Briefs. I was review this other inmates brief, and his was in fact filed just a week after mine. He received 50 years for Murder. Thats right 80 years less than me! And I didn't kill anyone. The girls throat was cut from ear to ear and she bled out with her knees on the floor and her upper body layed accross the bed! (I'm sorry across the bed.) A shocking set of events! Anyways a Deadly Weapon in the manner of its use, right? A Knife! I believe thats what they really mean, you actually have to cut someone! Not only did the court furnish him with a Private Investigator, before trial, but on his first Appeal - to locate and interview witnesses. Sound Familiar? Judge Dunn chastized Tim Cone for not hiring a Private Investigator, when all along he should have too! By the way, you'd be hard pressed to cut somebody's throat with a "Butter Knife". Duty to Disclose! Brady V. Maryland, 83 S.Ct. 2892 (1962)

5. Appellants attorney on Appeal even filed a motion pursuant to Faretta V. California, and he tried to quit! Mr. Dunn was upset because Perry filed a pro se motion for New Trial raising 17 grounds, of which 13 are seperate and distinct from the mere 4 grounds raised and presented in Len Dunns dubious brief/motion for New Trial. The main ground that Mr. Dunn left out that was pointed out by the Court of Appeals, is ineffective assistance of counsel, see Courts Memorandum opinion p. 34, #20 Foot Note! Although the trial court heard Perry's motion for New Trial, Perry presented no complaint or evidence relating to ineffective assistance. Apparently, the Court of Appeals was confused about which motion for New Trial the Trial Court heard, because Perry's pro se motion for New Trial did complain of, inter alia, ineffective assistance of Counsel, and of more than one egregious/serious error, see; Prou V. U.S., 199 F3d 37 (1999) Although a reviewing Court must consider the whole of the record, a single, serious error nonetheless can support a claim of ineffective assistance of counsel, even on Appeal, see; Carrier, 477 U.S. at 496, 106 S.Ct. 2639; Kimmelman V. Morrison, 477 U.S. 365, 383. 106 S.Ct. 2574. 91 LEd 2d 305

(1986) United States V. Chronic, 466 U.S. 648, 657 n.20, 104 SCt 2039, 80 LEd 2d 653 (1984) Just like Perry's previous Court Appointed Attorney on the Tampering with Physical Evidence case whereas, Kevin Settle failed to object to the illegal enhancement of a prior probated sentence that was not authorized by Law - Not eligible for enhancement purposes! Perry's Sentence of 25 to Life was reversed on Direct Appeal and he in fact receive a very reduced sentence of Time Served. Of course, the Courts in that case said Kevin Settle wasn't ineffective, go figure! Of course the Appeals Court goes on to say that there is a strong presumption that Counsels conduct fell within the wide range of reasonable professional assistance and that the challenged action could be considered sound Trial Stradegy! Subter Fuge! 

The Sixth Court of Appeals goes on to say that the point of error on appeal must comport with the objection made at Trial. Because Perry's complaints on Appeal were not asserted below, they do not comport with his objections at Trial and nothing is preserved for our review! ¶ 29 Failed to preserve them! And just how is this considered sound stradegy, at Trial, or on Appeal?

## Prayer

Wherefore, premises considered, Appellant respectfully prays that the Honorable Judge of said Court would grant Appellant the relief he requests herein. Appointment of Counsel to assist in the preparation of and subsequent filing of a Writ of Habeas Corpus Art. 11.07 Tex Code Crim. Proc. and such other and further relief to which he may be justly entitled, at Law and Equity!

Respectfully Submitted,

Michael Perry

Executed on this the 22 day of October, 2014

2068

<u>Unsworn Declaration</u>

I, Michael Dean Perry TDCJ No. 1838827 being presently incarcerated in the Texas Department of Criminal Justice at the Easthan Unit. 2665 Prison Rd #1, Lovelady, TX 75851 Declare under penalty perjury that the above and foregoing is True and Correct.

Executed on This The <u>22</u> day of <u>October 2014</u>

By The Appellant: <u>Michael Dean Perry TDCJ No. 1838827</u>

<u>Certificate of Service</u>

I, Michael Dean Perry TDCJ No. 1838827 do hereby certify that a True and correct Copy of The above and foregoing Motion for Appointment of Counsel, unsworn declaration, and Certificate of Service have been Served by placing Same in the U.S. Mail. First Class postage prepaid on This The <u>22</u> day of <u>October 2014</u>

By The Appellant: <u>Michael Dean Perry TDCJ No. 1838827</u>

Return Service Requested: Michael Dean Perry 1838827
EastThan Unit
2665 Prison RD #<u>1</u>
Lovelady, TX 75851

Happy Birthday To me! (10-22-59)
D.O.B.

8 of 8

Exhibit #12
Notice to Dunn - Knife from Home

Dear Judge Lew Ann, Sir,                                    3-18-14

Yes, I am in receipt of the states brief on March 17, 2014, even though she didn't (Fail) Certify it as being filed on March 12, 2014. Don't know if that's relevant, just thought I would point it out and preserve that error just in case. Now this disclaimer - My right hand-n-wrist are still damaged from the prior assault and as such, I am continuing to have very difficult time writing. Not that I wrote "exceptionally" well before, its just worse now. So expect some mistakes. I do not have the extra supplies to do a re-write every time I make an error. Or even the where-with-all. I'm still in AdSeg. "Exceptionally" poor spelling as well, sorry. Its hard not to get distracted in here. The noise level at times ↑ OOPS. Somebody just dropped another banana in the cage. Hahha. Certainly wasn't Oajun Tae or Chase, they're still swinging on the banana tree branches. Do I sound bitter? I'm sorry, where was I? Oh, yea, the next part of my disclaimer. I just received the brief, I've only read it a couple of times so far, so this letter is just to let you know I got it and when. I will touch base with you on a couple of very obvious points, just for laughs. Since I rarely have anything to laugh about anymore. You left that broad speechless. She choked on a couple of issues. She spelled Alanna's name wrong multiple times. I know that has nothing to do with the merits, but hey, I hate it when someone who claims they care about me can't even spell my name correctly. And not just once, numerous times. Maybe the Appeals Court Judges feel the same way. One can hope. You know, I wrote out this long letter last week because I had yet another epiphany, did I spell that right? Anyway, I'll share the letter with you sometime in the future, but I will recite the first paragraph and see if you have the same reaction I did when you read what V. Brown said about me putting the knife in the backpack (culpability) P. 59 Perry tried to hide the knife. Indeed. The letter begins; Consider this; One of the tests for criminal responsibility is the question of whether the defendant knows the difference between right and wrong.

Police retrieved knife from Home, not backpack. L063 (Paring knife 4 inches long w/handle)

# Formal Bill of Exception / Habeas Corpus

If a criminal in anyway, shape, or form attempts to conceal his crime, it is assumed he knew his actions to be a crime - That is to be wrong! Boy, did I ever hit the nail on the head with that one! They go on and on about the knife, even the Police Officer. But they never disclose the fact that the Police found the knife on the floor that I dropped and took it with them! How long do they think they can keep that a secret? Brown also claims that I never mention the illegal search of my home or the witness that ran off! Is she for real? Her brief is so full of crap, it makes me ill! Even though you didn't include the illegal search of my home and the fact that all the evidence used at my trial was illegal, you did write a hell of a brief! Brown mentions the fact that you didn't raise certain issues in your Motion for a New Trial! My point exactly, That's what I attempted to do! Illegal search of my home! No recorded statement C.C.P. 38.22 Evidence not to be used C.C.P. 38.23 Even the fact now of the wrong knife! All of that is why they didn't want a hearing of any type, Suppression, Examining Trial, and for sure not a Private Investigator! Look Judge Dunn, you've a real smart guy and your the only one in years that has at least tried to treat me decent! Even considering your extraordinary brief! Thats why I can't understand why you would not raise the issue of the illegal search of my home! And 38.22 + 38.23! I knew the state was going to put their neck out on the line when they wrote that brief! Thats what narcessistic people do! I should know, I just got accused of being one myself! How on earth are they going to explain all that on habeas corpus? You too, for that matter? Especially when I submit all those Motions I filed as exhibits! None of you will be able to claim that you didn't know any better! I did tell Tom Cone and Michael Lewis all of it! Even the other witness, I just didn't know the negros name! And why should I? He was Neals friend, not mine! You could have filed a formal Bill of exception and had certain issue included in the record, like my Motions! If it wasn't brought up at trial, it can't be used on Appeal! Well, Nobody bothered to tell Brown that when she wrote her brief! Let me hear from you!

Michael Perry

20 of 2

Please Mail This Back — No Chain of Custody!
Copy
Jailhouse phone call, Not part of record!    No Search Warrant

I'm sorry Mr. Dunn, I wasn't quite finished. Like I already said, a lot of distractions. I just traded a cap full of shampoo for a shot of cheap coffee! Good to the last drop! No, not Maxwell House, I wish! Anyway, you didn't mention if you got my previous letter mailed to you last week! The one with Alannas recant-Notorized statement, well, actually two of them! And her letter! And a couple of postage stamps? You remember, you paid the 20¢ postage due on one of my letters? And one stamp is to use to mail back my nieces Notorized statements and letter! Look, Judge Dunn, I never made the statement to my niece that I'm going to stab you bitch! How can that broad lie like that? How can she state crap in her brief that was never even mentioned at Trial? And the Jail Phone Conversation?

Judge Dunn, I've tried to shoot straight with you from the very begining! What are my chances on Direct Appeal, Considering Browns weakass brief? Should I write and submit an addendum/supplement to my Mandamus and include all of my pro se motions that I filed and a Affidavit that the Police recovered the actual knife and took it with them, then didn't disclose it! Look Judge Dunn, I'm not looking to just be acquitted and exhonerated, I want damages! I can't see me rotting away in Ad Seg several more years hoping for Success on Habeas Corpus! I don't have that much faith in our judicial System! Especially with people like Tanya Reed and Zan Brown at the helm! God Forbid! You know, I figured Brown would file for atleast another extension, she just kind of fizzled out at the end! And, I don't know if I can live through anymore beatings! Who knows what these rednecks will do next! Let me know about how long you think it will take for them to rule on the case and if I should file the Mandamus! Even though I didn't know what actually happened to the knife! I do know that I dropped it on the floor and did not retrieve it and then put it in my back pack! Especially with all four of them attacking me — cursing me — and calling the Police on me! Of course they would have called the Police — Hey, watch out, he picked the knife back up and put it in his backpack, especially the two Negros!

Failed to file a Formal Bill of Exception!   30 of 2

Uncle Michael,

Alanna Sent Notorized Affidavit.

Hey How are you doing?
Sorry I haven't written
you, I figured you didn't
Want anything to do with
me. But anyway I Love you
and I miss you Alot! even
if you dont believe me, Its
true. I wrote that statement
Ive Just got to get it
notarized. We picked some
pictures up at walmart
and chose a few to send
to you of me, mimi and
my fiance bobby, He's A
really good guy he got a Job
Now LoL And he dont smoke
or drink. I quit smoking
weeds, I only smoke cigs
now. I dont hangout
with anybody Anymore.
not even dawn. I know →

HEY, UNCLE MICHAEL Hysterical,

Didn't bother the DA then!

Well, maybe should start to say the DA really tried to screw me, they offered me 9 months in Bowie county rehab and as confused and distressed as I was I took it! But a day later I wrote my lawyer and told him I do not want rehab, instead I want state Jail that way I won't be on probation anymore and I can just get my time done! So he got me into court again last friday and I signed a waiver and I got 9 months state Jail, I already have almost 2 months behind me and right now they are doing 80 percent of state Jail time because it is so packed...So i should Be home in august. My fiance Bobby Has Been there taking care of mimi so, dont worry about her, he is really and truely an amazing man! Bobby tried to get those statements notarized But Im the only one that can Since my name is on it I will do it as soon as I get out of state Jail. I miss you uncle michael and I love you and I hope you know that! Well im just writing you to check up ➡

Note: The STATE + Court Dont mind Coercing my niece While She's Hysterical!

Merry "Xmas" "Exhibit #4    Dec 22, 2012
we won't have one.    my thumb hurts.    (3.)
Michael My Debit Card in Alanna's Purse

I was going to send you a Mo. But when I looked in My safe, your card wasn't There. I looked every where in My room and couldn't find it. So, a while ago I went in Alanna's room and it was in her purse. I called for a balance and it was ZERO! I am so angry I could eat nails. I knew she was stealing from me. I had to Deposit my Last savings $200.00 in The Bank and thought I had covered every thing but yet. I got an overdraft notice. Thats 3 mo. in a Row i've been overdrawn. Guess why? It Sure wasn't my Lousy math. It wont happen next Mo. if I have to swallow my Key. Now I don't Know where to hide it.

I want you home. I have no one to talk to. They wont drop charges.

Wilma

Exhibit #2

12:45 pm
Alanna Saturday
Tried to drop charges!                    Dec 1, 2012

Michael,
        Alanna talked to the D.A.
about dropping the charges
and was told she had to go
to some kind of class about
family violence and when
that was finished take
the certificate to the D.A.
and sign an affidavit and
then it would take about 4
to six weeks. Don't Know
what she will do. She did
go to get food stamps but
was refused.
        So far they haven't stopped
your SSI money - Don't Know
what that letter is about,
        Now you can call me all
kinds of names, throw me in
jail feed me to the alligators
any thing but you got
yourself in trouble by drinking
I beg you not to get messed up
because you turn into an
idiot. I wasn't in here when
all that was going on - when

I came out of my room you were already outside with the police. I only talked to the female, and mostly to get Dawn's boy friend away from here. When she died but he still comes back. Just now I seen him off again.

My hand hurts so bad when I write. I still haven't written to Leatris since she sent me that card.

And another thing Alanna didn't call the police that night, that Toetoe died and she was the one who called before. They like to call themselves them some kind of power I guess. Maybe she will stay away now, Alanna and I ran her off again.

Georgie hasn't been around since Roni died. She doesn't care about Alanna only to use her name to get Gov't. money - and Alanna's money. Helped get her that car.

I think we finally got rid

of all these drunks that used to come around. Arianna met this likable guy who lives in Marshall. He seems to be smitten with her and WORKS!!! in asphalt, Paving things. He brought her a necklace and brought over some food.

I don't know what happened but I was $106. over draft this mo. Its going to be rough.

Gotta get this in the mail.

Bye

Wilma

3a *Embossed with Clerks Seal on March 8th, 2013 See; revers side →* 8a

*Exhibit #22A1*

# Tim Cone

*Attorney at Law*

P.O. Box 413
Gilmer, Texas 75644

Phone: (903) 725-6270
Fax: (903) 725-5494

*See letter dated March 12, 2013 inside →*

December 21, 2012

FILED
GREGG COUNTY, TEXAS

DEC 27 2012
415 O'CLOCK P M
BARBARA DUNCAN, DISTRICT CLERK
BY_____ DEPUTY

Honorable Carl Dorrough
Gregg County Crim. Dist. Attorney
101 E. Methvin, Suite 333
Longview, Texas 75601

RE: Michael Dean Perry
Cause No. 42.139-A (Assault BI Fam/House Agg Assault Fam/House W/Weapon) and Unfiled M/A Interfer w/ER Call

Dear Carl: *Of course the DA Never did!*

    This is to advise you that this office has been appointed to represent the above-referenced individual in the above-referenced matter. Please do not discuss any matter related to this action directly with the Defendant. Further, please instruct all law enforcement officers and personnel to follow those directions as well. Further, it would be greatly appreciated if you or the appropriate authority would notify me of any settings regarding this case.

*Plus Tim Cone lied to me!*

    Please consider this letter as a request for notification of any intention on the State's behalf to present evidence at trial pursuant to the Texas Rule of Criminal Evidence 404(b), 609(f), Texas Code of Criminal Procedure, Art. 37.07 Section 3(g), Texas Code of Criminal Procedure, Art 38.37 Section 3, and Texas Code of Criminal Procedure, Art. 38.072, Section 2 if any such sections are applicable to the above-referenced case. Specific information is requested as it relates to any prior crime or bad act the State intends to prove including but not limited to the date of the incident, the geographical location of any incident, any details regarding the incident and whether or not any punishment was imposed in the matter.

*Never disclosed the Pictures of Alanna or inside of my house or recant statement*

    Please provide me with any information that you feel is appropriate in this matter as informal discovery so that we may appropriately resolve this case. If you have any questions regarding the matter, please feel free to contact me. Thank you for your cooperation.

Sincerely,

Tim Cone
Attorney at Law

TC/rp
Cc:    Clerk of the Court Barbara Duncan    **via regular mail**
    Clerk of the Court Connie Wade    **via regular mail**
    Honorable Judge David Brabham    **via regular mail**
    Honorable Judge Rebecca Simpson    **via regular mail**



True and Correct copy of original filed in the Gregg County District Clerk Office

*(handwritten at top)* Alarm Reciept before Trial Tape Recording. (Withheld!)

*(handwritten)* See Michael Morton Act.

## Tim Cone
### Attorney at Law

March 12, 2013

P.O. Box 413
Gilmer, Texas 75644

Phone: (903) 725-6270
Fax: (903) 725-5494

*(handwritten)* Exhibit #12

Michael Dean Perry TDC#01838827 *(handwritten)* Originally exhibit #22A

Byrd Unit TDCJ

21 F.M. 247

Huntsville, Texas 77320

Dear Michael:

1. I received your letter of March 4, 2013. You were shipped to TDC before I could see you. Therefore, I will attempt to address your questions and issues in this letter. Enclosed you will find all pre-trial motions that you filed in the case. Also enclosed are the original letters from your family. The next set of enclosures are copies of the pages from my file that you do not have. Lastly, you will find enclosed a copy of the standing pre-trial orders in all felony cases that cover most standard pre-trial matters and take the place of most pre-trial motions that were once filed. The sections of enclosures are separated by a sheet of yellow legal pad as I assume a paper clip or staple is not allowed.

*(handwritten)* Tim Cone FlatOut Lied about These Motions.

2. As to the various issues raised in your letter, I will address them, basically, in the order of your letter. Some of the comments may seem disjointed but if you look at your letter and compare the comments, it should all make fairly good sense. It is true that there was no record of your Motion for a Private Investigator or a Motion for an Examining Trial. The examining trial motion would have been properly filed in the JP Court and not the District Clerk's file so it sort of makes sense that it was not in that file. However, I have enclosed all motions filed in the District Clerk file and the investigator motion is not present. One of the other motions mentions it but the motion itself is not in the file.

*(handwritten)* 3. While Lewis lied about the Motions too.

*(handwritten left margin)* You Bet Im Not The Liar, He Was

3. Your next comment that requires a response begins your criticism of my services as your attorney. One of the freedoms available to you is the freedom to think what you wish. Therefore, if you choose to believe the untrue and insulting lie that I somehow conspired to harm you and achieve the result that occurred in your case, you are free to believe that lie. If I wished to conspire to harm you, it seems I would not have worked so hard in this case or the prior appeal if you wish to utilize logic in determining fault in your current circumstance. If the truth matters to you, I was and am extremely *(handwritten)* Tampering With Physical Evidence. disappointed in the result of your trial and I do not believe justice was served in the result. I think there are several potential areas regarding the direct appeal. You also chose to make some remarks about Lew Dunn. As you may or may not know, he was Desmond Jackson's appeal attorney in the case that was reversed-all public record. As to your specific criticism of me, the first is in regard to not asking Chase Neal the name of the other potential witness we learned about at trial. I have been trying state criminal cases for almost 30 years and have developed some instincts regarding trial strategy. I almost never ask

*(handwritten bottom)* I did file the Examining Trial Motion in The JP1 Court, And The 188th and in the Court of Criminal Appeals.

*(handwritten)* 1 of 3

a question on cross examination that I do not already know the answer to unless I am sure the answer can do no harm. I felt that asking the name of the other person would give Chase Neal the opportunity to make up any lie he wished. I felt and still feel that allowing that issue to continue to show the inadequate investigation by the police was better strategy than giving him the opportunity to lie.

4. You also accuse me of allowing the prosecutors to violate your due process rights. You are wrong but without specificity, I can not respond specifically. You also criticize the fact that I did not ask which of your hands held the knife. It does not matter-the point was whether or not you made a threat with the knife. You also criticize my not asking what alcohol or drugs the folks in Alanna's room used. I had no evidence they had used and to question that issue when I had no such evidence, would be exceptionally poor trial strategy. Alanna had already denied that they used and I could not prove otherwise.

5. You allude to a conversation you had with Kirk Haddix. Since I was not privy to the conversation, I do not know what was said. The prosecutors and others may have believed you would be convicted but I believed that it was not a foregone conclusion. The fact that he came and took your fingerprints prior to trial did not alarm me. I have been through trials where the prints are not taken until trial and it takes a lot of time for the fingerprinting and the comparison by the expert. It was not alarming that the State **AFV →** believed you would not stipulate to the convictions, so sending Haddix to take the prints early is neither suspicious or surprising. In your letter, you mention the motion by the State regarding expert witnesses. A copy of the motion is enclosed. This is the routine motion the State files in every felony case in Gregg County. It is neither unusual or suspicious. I showed the motion to you at trial when you asked about Haddix. If I intended to hide the motion from you, it seems strange I would show you the motion when you asked about the matter. *I did NOT Stipulate to Prior AFV! (He) Not True!*

6. You next continue criticizing that I did not object to the prosecutor's questioning of Alanna. Once again I felt and still feel that it was sound trial strategy to make only the objections that were made. If I had appeared to be trying to help Alanna, it would have been poor trial strategy. Having the State appear to attack their own witness-their purported victim- was proper trial strategy. You also allude to the fact that I did not try and impeach Alanna regarding the theft type allegations about the debit card, etc. As I explained to you before trial, she was our friendly witness-even in the face of the attack on her by the State. Trying to impeach a friendly witness is a ridiculous trial strategy. Since I have mentioned the (concept) of trial (strategy) several times, you may think that since the result in the trial was bad that the trial strategy was also bad. Unfortunately, in the trial of cases-especially criminal cases- (sound strategy) sometimes simply does not *you. Think?* achieve the desired result. Sometimes the fact finder simply isn't buying into the concept. We have no control over that phenomenon-it is simply a sad truth in trials. The case, candidly, went very well from an evidentiary and strategic perspective. The jury simply did not side with us. Unfortunately, that happens and that is the (risk) (you) (took.)

7. Your next criticism is in relation to the Judge sending a message to the jury shortly after deliberation began. That was not unusual or alarming either, as the jury got the case late in the day. You also suggest the State violated the rules of discovery without me objecting. You do not bother to inform me what rules or issues you suggest were not handled properly. I am unaware of any discovery violation

*Rules of Discovery*
*Brady Violations        2 of 3*
*Michael Morton Act    Anthony Cole Act*

*No Search Warrant*
*Knife from home!*

*[handwritten top margin:] All those pictures The illegal Search of my Home. See Motion To Suppress!*

that I did not object to. You also suggest the juror was not really sick. I heard the telephone message she left and I discussed the matter with you before the Judge excused her and replaced her with the alternate juror. The lady sounded very ill and if you wanted to make an issue of the matter, you should have told me so. You next suggest that I knew about the State's intention of using the knife used at trial as demonstrative evidence. Once again, if you choose to believe that lie, you may do so. If you recall, I objected to the use at trial. Later in your letter, you ask about the tape recorded conversation I had with Alanna and your mother. It is on a micro-cassette in my file. I assume you do not have access to such a recorder to play it. I will continue to retain it in my file and maybe we can figure a practical way to let you hear it if you wish. I would have been glad to play it to you before trial if you had simply asked. Alanna testified at trial regarding the same issues we discussed on the tape.

*[handwritten left margin:] Alanna Recant Recant before Trial! Will!*

*[handwritten right margin:] Recant! Tim Cone Never told me! Exhonerated me.*

8. You ask for my Bar Number. It is 04660350. You also ask for Ms. Reed's. I do not know it and do not feel compelled to provide it to you. It's not a conspiracy-I am sure you can obtain it. She has worked for the Gregg County DA's office for several years now. I think she had a different last name when she came to work there. "Reed" is her married name.

Lew Dunn's address is P.O.Box 2226: Longview, Texas 75606. His phone number is 903-757-6711.

9. I have tried to address the issues you raise in your letter. I understand your bitterness and share your disappointment. I am always disappointed when the wonderful concept of the promise of justice in this country is not fulfilled. In an effort to try and make the system live up to the promise is why I do what I do. Sometimes it works but sometimes it does not. Since you have decided to accuse me of being a part of some conspiracy to harm you, I can only assume that you now blame me, as well as others, for your current plight. Normally, I would just leave it at that. However, when you are trying to find blame regarding your unfortunate circumstance and try to identify the enemies that are responsible, you may consider looking in the next available mirror, and you may find your worst enemy. *[handwritten:] I Saw Tim Cone!*

10. The jail called me and told me that you had left your property for me to retrieve. I respectfully decline to do so. If the property is the clothing I purchased for trial, the jail can have them to use for someone else. If the property is something else, you may want to get someone else to retrieve it as the jail person who called me said it needed to be picked up within 30 days.

11. If you want to write me further, the responses will probably be much shorter than this letter. This took quite.some time and I have a lot of folks I am trying to help. *[handwritten:] Bullshit!*

Sincerely,

Tim Cone

No Knife in Back Pack!

Exhibit #11

Mr. Tim Cone Knew all of This in advance!

Mr. Tim Cone Sir,                                                    (2-18-13)

Theft of Pills and Debit Card

Yes, I have a great deal of Time on My hands, I can't really file an objection To The Magistrates report until I receive one! Judging by past experiance with Judith Guthrie, She's very unpredictable, but Then again predictable! Hard to explain, its like I can pretty much guess how she will rule, but by The same Token, I don't want to do a bunch of unnecessary work for nothing! (Later forced To Retire due To Disability)

I know Mr. Cone, you are probably Thinking by now, What have I gotten My Self into with Perry! (I can't stress The fact about The Knife being found in My back pack) I'm not even sure what happened to all My Narcotics, Yes Mr. Cone, all of The Pain Pills and Muscle relaxants I had just received from The Doctor! They were with My billfold and Cell phone! (All Stolen! Motive, I Think so! Wouldn't you? I can't even remember now how Many I had left, I've been worried so much about My debit card and going To prison for Life! Pills of Some Kind Indeed!

Look Mr. Cone The more I confer with my fellow professional convicts in here, The more I'm convinced about my first impression about The Knife and how I ended up in My back pack! I usually hide my pills in My back pack, not no Knife! I already have My Knife in My pocket! Why on earth would I need to go to The Kitchen for a Knife? Besides That, They say That They disarmed me! Took The Knife away from Me! None of Them say anything different! They never warn The Police, "Hey, Watch out he, has a Knife in his back pack"! (Truthfully Mr. Cone, I can't remember ever having a Kitchen Knife in My back pack) Its not To far a stretch To believe I was set up! They needed me out of The Way in order To

Keep all of my money and pills! Remember Oajuntae and Alanna state a completely different story! Oajuntae stated that I tried to stab her first! But she is the only one! Alanna refused to give a family violence statement to Police saying that it would be hard because they are family! The story changes, and ver. is different from each person! How are the Police going to charge me with the assault on Alanna, but not Oajuntae? Not that I want the additional charges, but it does raise reasonable doubt! None of the other witnesses state that I tried to stab or uppercut Oajuntae! She's the one that called Police!

How do they explain no obvious injuries to Alanna? The mark on her lip could be a fever blister, a burn from a joint or a hot crack pipe! Keep in mind, Chase is a crack cocaine dealer! Along with marijuana! She doesn't have an abnormally fat lip, keep in mind, she's overweight! Now she has those two felony charges; forgery + fraud! (Plus she stole money out of my mothers bank account with her bank card!)

(Note! While booking him in, he advise res gestae that Alanna was "strung out on drugs, thats why she attacked me")

Look Mr. Cone, I don't want to hurt my niece, her mother had just died! All I thought I was going to jail for was GT again! P.I. at least! Not a friggin felony (I had no idea about a knife! I believe that my niece was convinced that I would probably just serve about 30 days in jail like last time! She's that naieve or dumb! Take your pick! But its my life and freedom on the line, I willing to go to any length to get my freedom back! There has got to be some way to impeach the witnesses!

Tell me again why we need a continuance? Like I said, theres a great deal of people scheduled for court on the 25th 2013 Why would they go to trial with me first? These guys have murder cases and have been waiting to go to trial a lot longer that me! If you dont think the state will be ready within 180 days, then by all means let me know! If you can be ready by the 25th let me know that too!

MP.

I'm sorry Mr. Cone, but I just had another brain fart! What if they change their story and say that I actually threatened Oajuntae and Chase with the knife and my niece Alanna jumped into the mix in their defense? It would sound reasonable wouldn't it? But would that change the charge, and could they then re-charge me with a different charge? Or is that like Double Jeopardy?

Look Mr. Cone, call me crazy, but look at that Police beat of when I was arrested on the Tampering with evidence case! I was also arrested then for aggravated assault of a girl with a deadly weapon, yes, a knife! And also controlled substance! But I was only tried and convicted on the 3rd degree felony! They say that lightening never strikes twice in the same spot. Is that true??? They can't bring up that old charge that was dismissed can they? As far as I know right now, they don't know about it, unless of course the sheriff filled them in on it.

I just had another brain fart, try this one out, Alanna and her mother Roni, previously stole my debit card, had me arrested for C.T. and got away with it. yes, somehow my mother was involved, sound familiar? Now, Alanna is broke, no mother to buy her drugs, Chase and his crack whores, Oajuntae + Dawn show up with some crack, Alanna has no money! They see me passed out on the couch and steal my billfold! Alanna already knows how to steal my debit card, and obviously by the recent two felony charges of forgery and fraud she has a history of this type of theft! She's probably done a lot more, we just don't know about it yet! God, I'm so dense, no wonder the D.A. don't want to prosecute Alanna yet, hell, get me first, before they discredit Alanna, then get her! Maybe even Chase, Dawn, and Oajuntae! I don't know what the hell they been up to! Maybe that's why they're quits.

No, I'm not finished, I also want a copy of the New Indictment! Notice I didn't call it an _Amended Indictment_ because its Not! I was not given prior Notice whatsoever! you didn't file a proper objection to preserve error on appeal! Same with the court's Charge! There's More Than One! So blatant are the errors on your part and the acts of the D.A., I can only conclude That it was all intentional! The list of Violations are endless! I'm not only perplexed, but discusted! Just like That A.O.A. Taking That (Demonstrative Knife) in her hand and pointing it at my niece in a posting position in front of the jury! Ofcourse The appeals court can't see that, There's No Video! Therefore to, No error preserved for appellate review! you sure as hell didn't object!

you never let me know That Police went into My house without a Search warrant and took some pictures of the Bedroom door inorder to obtain some evidence against me. Just like Searching My back pack! you even failed to object at Trial! Intentionally too I might add!

4th Amendment
Violation
Illegal Search
and Seizure, Home too!

Michael Du Puy
2-18-13

Alanna Tried to drop The Charges at DA office
Before Trial! Prosecutor Never Disclosed this! Copy

Exhibit #11.A.

Mr. Tim Cone Sir,                                    12-10-12

Long Time No hear from you! In fact I Thought I
would hear from you by now! I wanted to discuss with you
The fact That My niece Alanna McKinney called The DA
and informed Them That she wishes to dismiss The charges!
I just received a letter from My Mother explaining This!
My Mother informed me That The DA told my niece That
she had to attend a family violence class; get a certificate,
Then Sign an affidavit of non-prosecution, Something To
That effect! Hard for me to really Tell exactly whats up
from This Solitary Confinement Cell, and no way To Talk To
Them by phone! (said it would Take 4 to 6 weeks!?)
    I'm not sure Whats up about That black girl Tae Tae That
I allegedly prevented from calling 911! My Mother Tells me
That she has a habit of calling The police and That she has
ran her off from her house previously, and just now again!
Look Mr. Cone, Time is of The essence here! The sooner
My niece drops The charges, The scooner I can get out!
IT serves no purpose to Wait around and possibly get
indicted! The interfering with an emergency call is a
Class A misdemenor, Sorry so Sloppy! Anyway, I'm not so
sure That black girl will follow Through! for Time served I'm
might be willing To plead guilty to The Misdemeanor! But Not
to a felony, period! I will go to a jury Trial again, Take my
chances on Appeal! Please come see me soon! I Told my family To Tell you!
                                    Michael Perry

If you remember correctly, you told me at Trial, when I asked you for copies of all the motions filed in my case, pro se or otherwise, you said for me to just write you a letter and make the request and then you would send me those motions, writs and other important documents, which I will require on a future writ of habeas corpus, notwithstanding my direct appeal.' I know there's the Trial record and Transcripts, but I don't have the money to purchase all of that and I will have to try to obtain those records by way of in Forma pauperis statuets. Please just send me what you can or will.' You are aware that I have no way to make copies unless I do it by hand.' And now these people won't even give me any more paper or envelopes, Imagine that.'

You tell me that there is no record of me filing for an Examining Trial or Private Investigator, but obviously they did receive my habeas corpus for access to the law library.' Something just don't sit right with me.' All of a sudden 'chase Neal slips up and mentions another witness, which leaves me to wonder are there any more? No follow up by you or the D.A. as far as determining this persons name.' Didn't bother questioning the other witnesses to find out the guys name or if there was more witnesses.' Now all of a sudden my motion for a private investigator takes on a serious meaning, don't it Mr. Cone? Exculpatory Process.' No, I did not receive a fair and impartial Trial.' Everybody was to busy with their witch hunt.' Don't take this the wrong way Mr. Cone, I appreciate all your hard work, the clothes, talking to my neice, the thing with my mother.' All nice window dressing, but when you get down to the bare facts, you let the D.A./Mrs. Reed walk all over my due process rights.' When Detective Maddix came to finger print me on 2-20-13 I had an Epiphanny.' I'm about to be convicted without a trial and Mr. Maddix confirmed that for me at Trial when I spoke with him.' (Just between me and him.') I wanted this letter to be

I did Not Stipulate to prior AFV See Memorandum Opinion ~ all Lies'.

Brief but They never are, are They? like I said, Mrs. Reed walked all over my due process and equal protection rights and right in front of The jury and live T.V.. Is That what This was all about? Publicity? I will find out someway, somehow! Thats why The sheriff and all of Them were There! I may be naieve but I'm not stupid! Maybe you could also send me a News paper clipping? I have know doubt I made The News! I'll bet my bottom dollar, you did too! Sorry if I sound a little bitter, 120 years and a $20,000.00 fine will do That to you!

You know Mr. Cone, Theres a few Times when I started to get up and object to some of The questioning, like berating my niece, what do They call it. Badgering The witness/victim! Unbelievable! You never did drill Chase Neal about The other witness or expand on That fact with The other witnesses! When you knew Alanna was ruining my case why didn't you drill her about my debit card and The fact That she was out on bond for The same Thing? The Trial was over too quickly! And Then yall rushed The Jury! yall should have just left Them alone! And what about This juror That didn't show up, do we have a written Doctors excuse? Something fishy about That as well!

Look Mr. Cone, I'm no fool! If my objections weren't brought up at Trial, I can't use Them on direct appeal, but I sure can on habeas corpus! Thats why its important for me to have a record of my complaints/objections Like This letter! Why didn't you warn me That The D.A. was going to bring Their own Knife? (Demonstrative of course) You knew well in advance! Which makes me wonder what else you with held from me?) After I've had a few more days to go over my notes and other documents I'll Know more, Especially after I get to a Unit with a Law Library! And get a copy of The Trial Transcripts

Please Mr. Cone, mail me what you can or are willing to, I don't want to die in prison! You know as well as I do The punishment dont fit The crime! Oh, and my family's letters too! And That case law where They can use Their own Knife at Trial! Prove it to me!          3-4-13          Michael Dan Perry

#11B    Mr. Tim Cone Sir,                                3-4-13                    (3)

Please forgive my manners on the day of judgment, Its not everyday that a person receives Two 60 year aggravated Sentences and Not one, but Two $20,000°° fines, Well thats total! I meant Two $10,000°° fines! What, they didn't think life in Prison was enough? Lets face it Mr. Cone, I'm 53 years old and not in perfect health! 30 years flat before I'm even eligible for Parole! I'll be 83 years old! And where pray tell do they think I'm going to come up with $20,000°°? "Shot it out! Am I bitter? you better believe it! Be that as it may, Would you please mail me copies of all that Stuff I sent you? Including my families letters? I'll need all that stuff when I file my writ of habeas corpus! I have no doubt that my direct appeal, in and of the "Good old Boy Network" will be a farse as was my trial!

Thank you for doing that thing with my mother, that was very considerate of you! I should never have asked her to come! Broke my heart! And I'm sure it broke hers as well! And those people showed No respect!

Please include my appeal Attorney's full name and address so that I can contact him when necessary, and if you dont mind, please include any motions you and I filed, whether ruled on or Not, and especially that motion for a Private Investigator! I want to show the Court of Appeals and the State Bar that my Substantial Due Process rights were violated you know, Compulsory process and cross-examination; the little things! Of course I will need the trial transcripts, And how about Tanya Reeds Bar. No. I want to file a complaint for Prosecutorial Misconduct! There is a great deal of things she did at trial that I Know for a fact violate the Code of ethics, And most of it you never even objected to! You know Mr. Cone, I expected this type of behavior from some of these other Lawyers, but not you! You disappointed me! Sorry! There was a Conspiracy going on against me for the Civil rights Suit! Thats against the law!    OVER⇒

After reviewing my Notes, the ones I have numbered that I showed you! Everything pretty much happened at Trial that I predicted! Imagine that! Almost per batim! That's how you determine a Conspiracy! Please provide me with a list of all the people who actually testified for the State! And all of the Attorney's State Bar Numbers, Yes, including yours and even Judge Brabham! Hell, you people can't give me the gas chamber! Let's see what else I can shake up! Lord Knows I will have plenty of Time! Mr. Cone, you even with held the states expert witness list from me since January 18, 2013 Unbelievable! you lied to me! How could you? What else did you withhold from me? This goes way beyond ineffective assistance of counsel! To you were part of the Conspiracy the Whole Time! you knew about the Motion for a Private Investigator! You and your buddies didn't want an investigation! How come the other Police Officers at the scene didn't Testify at Trial? Were you afraid they were going to screw up their Testimony as well! Alanna didn't even Testify Like you said she was, (Let's hear that Tape recorded statement you told me you have! you even lied about that! Prove me wrong, bring the Tape recorded statement up here right Now! Let's hear it!! And yes, I have made copies of these letters to present to the proper people when its Time! Judicial Misconduct!

Since the Knife was inadmissible so to the Pictures of that damn bedroom door 4th Amend Everything that the Police did that night before getting a Warrant Should have been Suppressed Even the pictures of Alanna's face! Police coerced her into those Pictures because at first she refused! There never was a Search Warrant, you've been Lying all this Time!

Mr. Tim Cone Sir,

Thats right, me again! No, I do not give up, you should know that by now Mr. Cone! I've been patiently awaiting the rest of discovery! Where exactly is it? Theres a few items that are very obvious! Number one, the alleged pictures of my niece, Alanna? You know, the pictures of her alleged injuries, where are they? My back pack? Also, what about the alleged knife? At least some pictures? What about the Drug Paraphernalia charge? You do know that I received 12 days time served! The bond was $500.00! However, I couldn't find a single reference to this in the Police Report, and/or Discovery! Why not? I requested an Examining Trial, what happened? Look Mr. Cone, you do know that I'm a writ writer, don't you? I'm well aware of the discovery rules! Especially my Due Process Rights! You know, the 1st, 5th, 6th and 14th Amendments! "inter alia" The Texas Constitution - Bill of Rights! Or how about Clint Eastwood? Don't piss down my back and tell me its Raining! Hatta! 
Please contact me ASAP! Lets discuss this long before Trial, OK?

Thank you for your consideration in this Matter, I look forward to meeting with you very soon!

Michael Dan Perry

Note: (This makes the Third letter to Mr. Tim Cone, Thus far!)

Executed on this the 1st day of February, 2013

P.1of 2   By the Defendant Michael Dan Perry #33845

*Exhibit #5*

No. **42.023-B**

## THE STATE OF TEXAS vs. ALANNA MCKINNEY
DOB 06/28/1993

OFFENSE: FRAUDULENT USE OF IDENTIFYING INFORMATION;
FORGERY

Presented in open court by the Grand Jury, a quorum being present and filed this __15th__ day of
___November___, 2012.

Barbara Duncan                          By: _Bitty Adas_
Clerk of District Court                          Deputy

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, empanelled, sworn, charged, and organized as such for the County of Gregg, State of Texas, at the July – December Term, 2012, of the 124th District Court for said County, upon their oaths present in and to said Court that on or about the 11th day of August, 2012, and anterior to the presentment of this Indictment, in the County and State aforesaid, ALANNA MCKINNEY, hereinafter called Defendant, did then and there

### COUNT I

with intent to harm or defraud another, and without the consent of T. Salter, use less than five items of identifying information of T. Salter, to-wit: the name and date of birth, and the driver's license number, by presenting the identifying information to cash a check,

### COUNT II

And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said Court that on or about the 15th day of August, 2012, in said county and state, and anterior to the presentment of this indictment, the said Defendant did then and there, with intent to defraud or harm another, pass to S. Patel a forged writing, knowing such writing to be forged, and such writing had been so completed that it purported to be the act of K. Sampson, who did not authorize the act, and said writing was a check of the tenor following: number 1205 made payable to Tye Cheree Salter in an amount of $862.00,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Foreperson of the Grand Jury

Page 1 of 1



*Exhibit #5A*

CASE NO. 42023-B     COUNT I
INCIDENT NO./TRN: 9199741482 A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 124TH DISTRICT |
| V. | § | COURT |
| ALANNA RENEE MCKINNEY | § | GREGG COUNTY, TEXAS |
| STATE ID NO.: TX50220577 | § | |

## ORDER OF DEFERRED ADJUDICATION

| | | |
|---|---|---|
| Judge Presiding: **HON. ALFONSO CHARLES** | Date Order Entered: **5/30/2013** | |
| Attorney for State: **CHRIS PARKER** | Attorney for Defendant: **ALEX TYRA** | |

Offense:

**FRAUD USE/POSS IDENTIFYING INFO #ITEMS<5**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **32.51(c)(1) Penal Code** |

Date of Offense:

**8/11/2012**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **STATE JAIL FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:

**3 YEARS DEFERRED ADJUDICATION**

| Plea to 1st Enhancement Paragraph: **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** |
|---|---|
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |

### ADJUDICATION OF GUILT DEFERRED;
### DEFENDANT PLACED ON COMMUNITY SUPERVISION.
### PERIOD OF COMMUNITY SUPERVISION: THREE (3) YEARS

| Fine: $ 750.00 ATTY FEE: $425.00 | Court Costs: $ 309.00 | Restitution: $ 862.00 | Restitution Payable to: ☒ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
|---|---|---|---|

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| Time Credited: | **DAYS** NOTES: N/A |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Gregg County, Texas. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

42023-B.doc

Page 1 of 3

ALFONSO CHARLES, JUDGE

JUN 1 7 2013

DATE SIGNED

FILED
GREGG COUNTY, TEXAS

JUN 2 0 2013

11:26 O'CLOCK A M
BARBARA DUNCAN, DISTRICT CLERK
BY _____ DEPUTY

CLERK: R.W.

COURT ORDERED FINGERPRINTING
OF DEFENDANT'S RIGHT THUMB
DONE IN OPEN COURT (ART.38.33 TCCP)







CASE NO. 42023-B          COUNT I
INCIDENT NO./TRN: 9199741482

| THE STATE OF TEXAS | § | IN THE 124TH DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| ALANNA RENNEE MCKINNEY | § | GREGG COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50220577 | § | |
| | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding: | HON. ALFONSO CHARLES | Date Judgment Entered: | 3/7/2014 |
| Attorney for State: | CHRIS BOTTO | Attorney for Defendant: | ALEX TYRA |

Date of Original Community Supervision Order:
5/30/2013

Statute for Offense:
32.51(c)(1) Penal Code

Offense for which Defendant Convicted:
FRAUD USE/POSS INDENTIFYING INFORMATION

Date of Offense:
8/11/2012

| Degree:
STATE JAIL FELONY | Plea to Motion to Adjudicate:
TRUE | Findings on Deadly Weapon:
N/A |

Terms of Plea Bargain:
N/A

| Date Sentence Imposed: 3/7/2014 | Date Sentence to Commence: 3/7/2014 |

Punishment and Place
of Confinement:          NINE(9) MONTHS STATE JAIL DIVISION, TDCJ

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine:
$ 750.00 | Court Costs:
$ 376.00 | Restitution:
$ 796.00 | Restitution Payable to:
☒ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |
| ATTY FEES: $394.00 | | | |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From 1/28/2013 to 2/2/2013 | From 1/28/2014 to 3/7/2014 | From to |
| | From to | From to | From to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

N/A DAYS    NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of THREE(3) YEARS;

(4) The Court assessed a fine of $ 750.00; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows:

Release Date Oct 17 2014

ALFONSO CHARLES, JUDGE

MAR 1 7 2014

DATE SIGNED

CLERK: L.R.

**FILED**
GREGG COUNTY, TEXAS

MAR 1 7 2014

2:5 O'CLOCK P M
BARBARA DUNN, DISTRICT CLERK
BY _____ DEPUTY

COURT ORDERED FINGERPRINTING
OF DEFENDANT'S RIGHT THUMB
DONE IN OPEN COURT (ART. 38.33 TCCP)

  

T.C.C.P. Art.28.01 Pre-Trial *I had the right to Examining Trial ?*

Exhibit #4A

# MAGISTRATE'S WARNING AND RIGHTS

STATE OF TEXAS §
COUNTY OF GREGG §

BEFORE ME, the undersigned magistrate of the State of Texas, on this day personally appeared _____, in custody of _____, a peace officer, and said person was given the following warnings and rights by me:

_____ (1) You are charged with the offense of _____.
An affidavit charging you with this offense (has / has not) been filed in this Court.

_____ (2) You have a right to hire a lawyer and have him/her present prior to and during any interview and questioning by peace officers or attorneys representing the State. If you are too poor to afford a lawyer, you have the right to request the appointment of a lawyer to be present prior to and during any such interview and questioning. You may have reasonable time and opportunity to consult your lawyer if you desire.

- **If you think you are too poor to hire a lawyer and you are in jail, then Pre-Trial Services will come see you in jail and help you fill out an application for a court appointed lawyer.**

- **If you think you are too poor to hire a lawyer and you later make bond, then you must go see Pre-Trial Services located at 103 W. Whaley Street, Longview, Texas 75601, (903) 236-8422, to fill out an application for a court appointed lawyer.**

_____ (3) You have the right to remain silent.

_____ (4) You are not required to make a statement at all, and any statement you make may be used in evidence against you at your trial.

_____ (5) You have a right to stop any interview or questioning at any time.

_____ (6) You have the right to have an examining trial. *Filed for Oct. 22, 2012*

_____ *Your bail is set at $ _____

_____ *Bail not determined.

_____ *Bail is denied.

_____ (7) Do you request the appointment of counsel? _____ Yes _____ No

**THE ABOVE WARNINGS AND RIGHTS HAVE BEEN READ TO ME AND I FULLY UNDERSTAND MY RIGHTS.**

_____
SIGNATURE OF PERSON WARNED

PLACE OF WARNING:
_____

TIME: _____
DATE: _____

_____
SIGNATURE OF MAGISTRATE

REMARKS: _____

_____
Magistrate's Title

WITNESS NAME: _____

_____
10/30/2006  *Not Hardly !*  *Traumatic Retrograde Amnesia*

ADDRESS: _____ *(10-15-2012*
*(In Custody: 23:10:44)*
*Time !*

*I did request a lawyer later on in Solitary!*


Exhibit # 6

CASE NO. 42,139-A          COUNT I AND II
INCIDENT NO./TRN: 919972586X A001 AMD A002

| THE STATE OF TEXAS | § | IN THE 188TH DISTRICT |
| V. | § | COURT |
| MICHAEL PERRY | § | GREGG COUNTY, TEXAS |
| STATE ID NO.: TX02552108 | § | |

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. DAVID BRABHAM | Date Judgment Entered: | 2/28/2013 |
| Attorney for State: | TANYA REED | Attorney for Defendant: | TIM CONE |

Offense for which Defendant Convicted:

**CT. I-ASSAULT FAMILY VIOLENCE WITH PRIOR CONVICTION**
**CT. II-AGGRAVATED ASSAULT WITH A DEADLY WEAPON**

| Charging Instrument: | Statute for Offense: |
| INDICTMENT | 22.01 ( b)(2)(A) Penal Code<br>22.02 ( a)(2) Penal Code |

Date of Offense:
**10/15/2012**

| Degree of Offense: | Plea to Offense: |
| 3RD DEGREE CT I<br>2ND DEGREE CT II | NOT GUILTY |

| Verdict of Jury: | Findings on Deadly Weapon: |
| GUILTY | YES, NOT A FIREARM |

| Plea to 1st Enhancement Paragraph: | NOT TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | NOT TRUE |
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | TRUE |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
| JURY | 2/28/2013 | 2/28/2013 |

| Punishment and Place of Confinement: | 60 YEARS INSTITUTIONAL DIVISION, TDCJ |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine:<br>$ 10,000.00<br>ATTY:$5100.00 | Court Costs:<br>$ 324.00 | Restitution:<br>$ N/A | Restitution Payable to:<br>☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited:

From 10/16/2012 to 2/28/2013      From      to          From      to

From      to          From      to          From      to

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS    NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Gregg** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Exhibit # 3A Protective Order finalized on Dec. 16th 2012 at 1:40 pm!
Relator could not have called his Niece on the Jail Phone. 'Monday'.
The D.A. Set That up! No Search Warrant.

132-EPO-12

IN THE MATTER OF § IN THE JUSTICE COURT
§ PRECINCT 1
MICHAEL DEAN PERRY § GREGG COUNTY, TEXAS

## MAGISTRATE'S EMERGENCY PROTECTIVE ORDER

On the 16th day of October, 2012 there came the request of NIKKI WILLIAMS Applicant who is ☐ the victim, ☐ the victim's guardian; ☒ a peace officer; or ☐ the State's attorney.

Applicant is seeking [OPTIONAL: The court, on its own motion, has determined that the statutory requirements have been satisfied to invoke the court's authority under Article 17.292, Texas Code of Criminal Procedure to issue] a Magistrate's Emergency Protective Order against MICHAEL DEAN PERRY, Defendant, based on the findings set forth below.

## FINDINGS

The court finds that, on October 15, 2012 MICHAEL DEAN PERRY Defendant was arrested by N. Williams duly authorized Longview Police Department for the offense of
☒ *family violence* as defined in Section 71.004, Texas Family Code;
☐ involving serious bodily injury; AND/OR
☒ involving use or exhibition of a deadly weapon; AND/OR
☐ an act in furtherance of *stalking*, an offense under Section 42.072, Texas Penal Code.
[OPTIONAL: The court further finds that, Defendant, is licensed to carry a concealed handgun, such license being issued by the State of Texas; and]
The court further finds that application was properly made and [OPTIONAL: The court, on its own motion, finds] there is good cause to issue a Magistrate's Emergency Protective Order.
[OPTIONAL ADDITIONAL FINDING: The court finds that (Applicant has requested confidentiality of addresses) or (confidentiality of addresses is necessary) for the protection of the persons named herein].
THEREFORE, it is the JUDGMENT of this court that NIKKI WILLIAMS, Applicant shall have Judgment against MICHAEL DEAN PERRY, Defendant, according to the terms of the court's Order set out below.

> ### WARNING
> "A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000.00 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR OR BY BOTH. AN ACT THAT RESULTS IN FAMILY VIOLENCE OR A STALKING OFFENSE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS. THE POSSESSION OF A FIREARM BY A PERSON OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO THIS ORDER MAY BE PROSECUTED AS A SEPARATE OFFENSE PUNISHABLE BY CONFINEMENT OR IMPRISONMENT.
> "NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER"

It is a Misdemeanor offense to violate a protective order by communicating with the person protected by this order, or by going near the residence or place of employment of the person protected. It is

Our decisions have respected the private realm of family life which the state cannot enter!
Prince Vs. Massachusetts, 321 U.S. 158,166 (1944)
an Opinion of the United States Supreme Court.

a **FELONY** punishable by a possible prison sentence to violate this order by threatening bodily harm, causing bodily harm, or by stalking the person protected by this order.

## ORDER OF THE COURT

It is the ORDER of this court, pursuant to Article 17.292, Texas Code of Criminal Procedure, that MICHAEL DEAN PERRY, Defendant, shall be prohibited from (check all that apply):

☒ committing *family violence* as defined in Section 71.004, Texas Family Code, against those persons listed above or an assault on the person seeking protection; AND/OR

☒ committing an act in furtherance of *stalking,* an offense under Section 42.072, Texas Penal Code, against those persons listed above; AND/OR

☒ communicating –
    ☒ directly with a member of the family or household, or with the person seeking protection, in a threatening or harassing manner; AND/OR
    ☒ a threat through any person to a member of the family or household, or to the person seeking protection; AND/OR

☒ going to or within 200 yards of –
    **(For the next two items, give specific addresses in the spaces provided, unless confidentiality of addresses is ordered)**
    the residence, place of employment, or business of a member of the family or household, or the person seeking protection  5 W Broadway Court, Longview, Texas and/or any other residence.
☐ the residence, child care facility, or school where a child protected under the ORDER resides or attends

**CONFIDENTIALITY OF ADDRESSES IS ORDERED, USE THE FOLLOWING:**
"Any residence of (name/s of victim/s) in  County, Texas" AND/OR
"Any place of employment/business of (name/s of victim/s) in, Texas"; AND/OR
"Any child care facility/school of (name/s of child/children) in  County, Texas"

IT IS FURTHER ORDERED that, the Defendant be served a copy of this ORDER in open court at the conclusion of this hearing, and that said ORDER SHALL BE IN FULL FORCE AND TAKE EFFECT when served upon Defendant for a period of sixty-one (61) days from the date of this Order shown below when served upon Defendant; and

[OPTIONAL: IT IS FURTHER ORDERED that Defendant's concealed handgun license is hereby SUSPENDED and, upon demand by the Texas Department of Public Safety, Defendant shall surrender the license to the Department; and the suspension shall be effective for the duration of this Order.]

IT IS FURTHER ORDERED that copies of this ORDER shall be sent immediately to the following persons or organizations (check all that apply):

    ☒ Chief of Police of Longview

    ☒ Sheriff of Gregg County

    ☒ Constable of Gregg County Precinct #2

    ☒ Victim Alanna McKinney

    ☐ School

    ☐ Day Care Facility

This MAGISTRATE'S EMERGENCY PROTECTIVE ORDER is signed and entered on the 17th day of October, 2012, in the above-named and numbered cause.



_____
JUSTICE OF THE PEACE, PRECINCT 1

## DEFENDANT'S ACKNOWLEDGEMENT OF SERVICE OF EMERGENCY PROTECTIVE ORDER

### 132-EPO-12

I, MICHAEL DEAN PERRY, Defendant, hereby acknowledge that on the date written below, I received a copy of the Magistrate's Emergency Protective Order issued in Docket No. 132-EPO-12, which was read to me in the open court at the time I appeared for a Magistrate's hearing.

_____
DEFENDANT

_10-17-12_
_____
DATE

### OFFICER'S RETURN

CAME TO HAND on the 17th day of October, 2012 at __1:40 pm__, during the Magistrate's hearing; and

EXECUTED on the 17th day of October, 2012at __1:40pm__. during the Magistrate's hearing in Gregg County, Texas by personal delivery to, MICHAEL DEAN PERRY, Defendant.

_____
BAILIFF/CONSTABLE

*Exhibit #O.*

FILED
GREGG COUNTY, TEXAS
FEB 2 5 2013
BARBARA DUNCAN, DISTRICT CLERK
BY_____DEPUTY

CAUSE NO. 42,139-A

THE STATE OF TEXAS

VS

MICHAEL DEAN PERRY

IN THE 188th DISTRICT COURT

IN AND FOR

GREGG COUNTY, TEXAS

## MOTION TO SUPRESS EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant in the above styled and numbered cause and files for his/her Motion to

Suppress any evidence confiscated by a law enforcement officer and in support thereof would show the

Court as follows:

I.

All evidence seized from the person, home, and/or vehicle of the Defendant.

II.

Testimony of law enforcement officers, their agents, and all other persons working in connection

with such officers and agents as to the finding of any seized evidence.

III.

In support of the Motion the Defendant would show the Court that the matters seized were the

result of an illegal search of the Defendant, in violation of the Defendant's constitutional rights under the

Fourth and Fourteenth Amendments to the United States Constitution, Art. I, Section 9 of the Texas

Constitution, and Art. 38.23 C.C.P. *Jury Instruction Mandatory!*

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable

Court will conduct a hearing on this motion, and after said hearing, that this Honorable Court will order

*Never disclosed the Search of my Home or Taking*
*The innocous Knife from Home on Oct. 16, 2012!*

any and all evidence taken from the Defendant by law enforcement officers suppressed for the aforementioned reasons and for such other and further reasons which may develop during said hearing and the subsequent to said hearing this Honorable Court order all matters seized from the Defendant suppressed at trial.

Respectfully submitted,

Tim Cone
P.O. Box 413
Gilmer, Texas 75644
903-725-6270 and 903-725-5494 (Fax)
State Bar #04660350

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

As Attorney of Record for Defendant, I do hereby Certify that a true and correct Copy of the above and Foregoing document was this date provided to the Attorney for the State.

Date: 2/25/13

Tim Cone, Attorney
P.O. Box 413
Gilmer, Texas 75644
903-725-6270 and 903-725-5494 (Fax)
State Bar # 0466030

Retaliation !!    Dismissed    US District Court
Eastern District of Texas    ) Also
Exhibit C         Civil Suit 9:14 cv 823    ) Exhibit A
Adam Sloan Assaulted me!    6:12cv 354.

# RELEASE REPORT
## GREGG COUNTY JAIL

| SO NUMBER | DATE BOOKED | ARRESTING AGENCY | PAGE |
|---|---|---|---|
| 33845 | 09/18/2012 | GREGG COUNTY | 1 |
| DATE AND TIME RELEASED | RELEASING OFFICER | | OF |
| 09/19/2012  4:51 PM | SLOAN, ADAM D | | 2 |

### IDENTIFICATION

NAME
**PERRY, MICHAEL DEAN**   PID 112864   SID 02552108   JAIL ID / BOOKING NUMBER 12-00042971

ALIAS NAME(S)
, OTHER DOB; BELL, CLARA; DEAN, PERRY, MICHAEL; JACK, PANAMA; PERRY, MICHAEL; PERRY, MICHAEL D; PERRY, MICHAEL D.; PERRY, MICHAEL DENE; PERRY, MICHAEL EARL; PERRY, MICHAEL DEAN

FBI

FRONT IMAGE

| RACE | SEX | ETHNICITY | DATE OF BIRTH | AGE | DL / ID NO. |
|---|---|---|---|---|---|
| W | M | NON HISPANIC | 10/22/1959 | 52 | TX-11192284 |

| HEIGHT | WEIGHT | HAIR | EYES | BUILD | COMPLEXION | SOCIAL SECURITY NO. |
|---|---|---|---|---|---|---|
| 5 FT. 7 IN. | 160 | BRO | BLU | MED | FAIR | |

SCARS, MARKS, TATTOOS, AMPUTATIONS
SC.R.CHK; TAT.UR.ARM

| ADDRESS | PHONE | PLACE OF BIRTH |
|---|---|---|
| | | RANTOOL, IL UNITED STATES |

### CHARGES

| WARRANT / REF. NUMBER | CHARGE / OFFENSE | ISSUING AUTHORITY / COURT | DISPOSITION |
|---|---|---|---|
| 2012-1974 | BF/CRIMINAL TRESPASS | County Court at Law #1 | Refusal |

At my OWN Home!    ◄ END OF LIST ►    Dismissed!

### PROPERTY

| INMATE TRUST ACCOUNT | ENDING BALANCE | AMOUNT TO BE RELEASED | DISBURSEMENT COMMENTS |
|---|---|---|---|
| | | | |

| QTY | ITEM DESCRIPTION | LOCATION | RELEASED DATE | TIME | RELEASED TO |
|---|---|---|---|---|---|
| 1 | PEN | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 2 | LIGHTERS | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | KEY | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | COMB | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | INS CARD | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | MASTERCARD 9236 | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | BLACK CARD CASE | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | HAT | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | BELT | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 6 | PAPERS | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |
| 1 | PAIR WHITE TENNIS SHOES | Released | 09/19/2012 | 4:51 PM | PERRY, MICHAEL DEAN |

Debit Card

◄ END OF LIST ►

### SIGNATURE

I certify that this is a correct accounting of items returned as of the time I was released from jail.

☒ _____
Prisoner's Signature

Release Comments

☒ _____
Detention Officer's Signature

My Home 5 B. W. Broadway Ct.
Longview, Tx 75601

Expert Witness
At Trial on Deadly Weapon!
Defendant in Civil Suit   Conflict Flight

GC00795

Exhibit #8

# 124TH DISTRICT COURT and 188TH DISTRICT COURT
## STANDING PRE-TRIAL ORDER
## FELONY CRIMINAL CASES

### Pre-Trial Disclosure:

As soon as practicable after the appointment or retention of counsel, the State shall provide defense counsel with:

1. A copy of all confessions, admissions, and statements in writing signed by the Defendant or set down and preserved in connection with the offense for which the Defendant is charged, including audio and/or videotaped statements.

2. A copy of all affidavits for the issuance of all search and/or arrest warrants for the Defendant or which resulted in the charges to the Defendant or evidence to be used against the Defendant or probable cause affidavits if the arrest was without a warrant.

3. Statements of any other co-defendants or parties to the offense.

4. Any agreement between the State and a co-defendant, accomplice or informant, whether written or oral.

5. The criminal record of and pending charges against the alleged victim and any prosecution civilian witnesses and any agreement between the State and such witnesses.

6. All exculpatory statements made by any party or witness to this alleged offense which is in the possession of or within the knowledge of the prosecuting attorney or any of its agents, including any law enforcement agency, whether such statements were written or oral, which might in any manner be material to either the guilt or innocence of the Defendant, or the punishment, if any to be set in this case.

### Pre-Trial and Trial Discovery:

At least five (5) days prior to the trial setting, the State shall produce the following documents and information or make available for inspection to counsel:

1. All statements given by third parties which resulted in the issuance of arrest or search warrants, or which resulted in charges being brought against the Defendant including those used before the Grand Jury to obtain an indictment.

2. All written warnings, admonitions, rights or waivers given by the State to the Defendant before the Defendant gave any oral statements, admissions, confessions or testimony.

3. All statements made by any suspect, expert, party, or witness to this alleged offense that may tend to exculpate the Defendant, or mitigate punishment.

①

4. All physical evidence seized from the Defendant by the State, or seized from or provided by witnesses, accomplices, or parties to the State.

5. The prior criminal record of all witnesses whom the State intends to call as witnesses during the trial of this cause against the Defendant, including all arrests and conviction.

6. All documents, objects and tangible things which are in the custody and control of the State or any of the State's agents as a result of the investigation which resulted in charges being brought and which are material evidence in this case as to the Defendant's guilty or innocence or as to punishment, if any.

7. All physical evidence seized by the State in connection with this case.

8. All photographs, videotapes, and audiotapes that depict or purport to depict the Defendant in any interview with representatives of any law enforcement agencies or the District Attorney's Office, or any other agent of the State of Texas or the United States.

9. All photographs, videotapes, and audiotapes of the alleged crime, or incidents surrounding the alleged crime(s) that depict or purport to depict the Defendant.

10. All medical records, EMT records, nurse's notes, doctor's orders, or any other documents which reflect medical care given to the alleged victim(s) as a result of the alleged offense in the State's possession.

11. A list of the names and addresses of all witnesses the State intends to call at any stage of the trial (including anticipated rebuttal witnesses).

12. All physical evidence, including demonstrative evidence, the State expects to use at trial.

13. The results and reports of all scientific tests, experiments, comparisons, or procedures the State expects to use at trial.

14. The results of any physical or mental examinations of the Defendant and the prosecution witnesses.

The Defendant shall be required to submit to a fingerprint procedure that is suitable for comparison by an expert to be completed the day prior to the trial of the case or on the day of the trial whichever is requested by the State.

The State and Defense shall be required to provide the name and address of each expert witness that either side intends to use at trial at least 20 days before the day of trial pursuant to Article 39.14CCP and Rules 702, 703 and 705 of the Texas Rules of Evidence.

### Pre-Trial Motions and Settings:

1. No Pre-Trial Motions covering the above listed orders need be filed by the Defense or the State.

2.   Any Pre-Trial Motions not covered by the listed orders such as a Motion to Suppress must be filed on or before the 14th day following the Defendant's arraignment unless special permission from the Court has been given. Without special permission and after such time has elapsed without the filing of the Motion, the Motion will be waived or denied.

3.   All hearings on the Pre-Trial Motions not covered by these orders must be heard prior to the day of trial at the convenience of the Court or be carried with trial at the discretion of the Court.

**Trial Disclosures:**

In the interest of avoiding unnecessary delay, and to avoid the necessity of asking for an extended recess to review witness statements and writings used to refresh recollection, the State shall produce by 3:30 p.m. on the day before a witness is scheduled to testify;

1.   Any statement of the witness, as that term is defined by Texas Rules of Criminal Evidence Rule 615, whether in final or rough draft.

2.   Any writings used to refresh the recollection of the witness.

3.   All law enforcement offense, investigation, and accident reports.

*Nothing herein shall preclude the State or the Defendant from seeking modified or additional discovery or to change the time limited for productions.*

*No Notice Given.*

**In Limine Orders:** *Prior Assault Family Violence Conviction / Or Demonstrative Evidence.*

The prosecutor and defense attorney shall be bound by the following Limine Orders and each shall instruct all their witnesses to refrain from mentioning the following or asking questions on the following in the presence of the jury until the Court has determined its admissibility outside the presence of the jury, the basis of which that the probative value of any mention of the following is substantially outweighed by the danger of unfair prejudice to the Defendant, pursuant to Rule 403 Texas Rules of Criminal Evidence:

1.   A personal opinion as to the guilt of the Defendant or the appropriate punishment upon conviction.

2.   That the State has no right to appeal an acquittal in a criminal case.

3.   That any person has been offered or taken a polygraph examination.

4.   That the prosecutor represents the complainant, the members of the jury panel and/or the public.

5.   That the defendant has conferred with defense counsel concerning the case.

6.   That it is the duty of the prosecutor to seek a conviction of the Defendant (Article 2.01, Texas Code of Criminal Procedure); or that the prosecutor has been trained and skilled in the area seeking convictions; or that the prosecutor's continued employment and/or compensation as an assistant district attorney with the Gregg County District Attorney's Office rests upon obtaining a conviction in this case.



7. Refer to the prosecuting authority or the prosecutor as the "Government" or "Government's attorney." Pursuant to Article 3.02 of the Code of Criminal Procedure, a criminal action is prosecuted in the name of the State of Texas against the accused, and is conducted by some person acting under the authority granted by law. Accordingly, the prosecuting authority should be referred to as the "State of Texas" and the attorney for the State of Texas, as the District Attorney or an "Assistant District Attorney."

8. The Defendant took, or offered to take, a polygraph examination concerning his alleged involvement in the offense charged in the indictment herein.

9. The punishment assessed by jury or court in any co-defendant's case.

10. The terms of any plea bargaining in this case, or any co-defendant's case.

11. The Defendant was offered immunity for his testimony.

12. Any of Defendant's co-defendants:
    a.    were found not guilty by a jury;
    b.    had charges against them in this matter dismissed;
    c.    were offered immunity for their testimony;
    d.    are willing to take the polygraph; or
    e.    were given a probated sentence.

13. The general character or reputation of the victim or the Defendant.

14. Any witnesses have any arrests, convictions, or juvenile records.

15. Any act of misconduct on the part of the Defendant or any witness, including the alleged victim in this case, not amounting to a final conviction for a felony or misdemeanor involving moral turpitude.

16. Any evidence concerning the reputation for truth and veracity of a witness.

17. Any evidence concerning the reputation of any witness being peaceable and law abiding.

18. Evidence of previous sexual conduct of the complainant (Rule 412, Texas Rules of Criminal Evidence).

19. There is a pending indictment against one of the State's witnesses. (Article 38.29, C.C.P.).

20. The Defendant has been in jail since the day of the offense; or, conditions of incarceration in county jail prior to trial; or any past, present or future conditions of incarceration in the Institutional Division of the Texas Department of Criminal Justice in the event of conviction and sentence to same, including but not limited to:
    a.    potential sexual abuse of defendant; or,
    b.    potential inmate violence toward defendant.

21. There was prior mistrial in this case.

22. The effect, if any, of any changes in the Penal Code, Code of Criminal Procedure, or any other law, on this particular offense.

23. Any self-serving statements made by the Defendant or co-defendants in writing or orally to any person concerning the allegations in this case.

Prior Assault → Family Violence

There was a mistrial called for a Trial! The Judge denied the mistrial prejudicing the jury even more since they saw him agree with the State, And All of these Objections!



*Recant STATements Affidavits by Alanna
[tried] to dismiss charges at the D.A. Office!*

24. That any person connected with this prosecution:
   a. signed an affidavit of non-prosecution;
   b. desired that criminal charges against the Defendant be dismissed; or
   c. is testifying under threat of being held in contempt of court.
25. That there was a civil matter or is a civil matter and any conclusions resulting from that civil matter or any inferences thereof, arising out of this case.
26. The consequences, if any of a conviction in this case on the Defendant or any member of the Defendant's family regarding citizenship, deportation, the exclusion from admission to this county, or the denial of naturalization under federal law.

*Adopted as a Local Rule by the 124th District Court Judge, Alfonso Charles and 188th District Court Judge, David Brabham, on this 25th day of February, 2011.*

_____
*Judge Alfonso Charles*
*124th District Judge*

_____
*Judge David Brabham*
*188th District Judge*

Exhibit #14C

*Brady Violations*

**LEW DUNN**
**ATTORNEY AT LAW**
P.O. BOX 2226
LONGVIEW, TEXAS 75606-2226
TELEPHONE 903-757-6711
FAX 903-757-6712

March 28, 2013

Mr. Michael Dean Perry                    ATTORNEY-CLIENT PRIVILEGE
#1838827                                  ATTORNEY WORK PRODUCT
Byrd Unit, 21 FM 247                      PRIVATE & CONFIDENTIAL
Huntsville, TX 77320

RE:   Cause # 42,139-A
      State of Texas vs. Michael Dean Perry
      On Appeal from the 188th Judicial District Court

Dear Mr. Perry:

I have received your most recent letter yesterday, March 27, 2013. I enclose copies of documents I have filed to begin the appeal process, including a Motion for New Trial. The hearing on the Motion for New Trial has been set for Monday, April 29, 2013, at 2:00 PM. I will notify the DA and the Court in a few weeks to get the bench warrant out for you to attend the hearing.

I have not had time to get a copy of the Motion for New Trial that you say you have filed. Your hearing is a month away. You state in your letter that the name of a potential witness was never disclosed to you. Do you have a name, address, and telephone number of that person? What would he/she have testified to if they had been available for trial? For there to be a *Brady* violation, there must be (1) admissible evidence (2) withheld by the State (3) that was "material" to the case that is, there was a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different, (4) that neither you nor your counsel could have gotten using diligence, and (5) that the evidence was "favorable to the accused."

You raise many items about Mr. Cone, about what he did or did not do. It looks to me like those are the kinds of points best left to a post-conviction habeas. The appellate courts, particularly on direct appeal, are reluctant to second-guess the trial counsel's strategy in making decisions to do this or not do that. I have recently completed the trial part of a habeas for another inmate, and **it took almost a year** to gather up all of the information and put together a strong case for ineffectiveness and file the application. Even then, the **trial court here denied relief,** and now it's all been forwarded to Austin for review by the CCA. I realistically do not believe that 4 weeks is sufficient time to gather information, talk to witnesses, evaluate documents, and then decide, after all that,

*Notification to Lew Dunn of Brady Violations + Missing Witness*

whether to not to make an issue of this. You may disagree with me on this, but that is my honest, professional, judgment on the issue. It's a matter of time, and scope (extent) of the evidence, and then corroborating the evidence, and then deciding whether or not to pursue it. Besides those issues, you need to be cautious about raising that issue on direct appeal, get denied on direct appeal, and then be denied relief on habeas (on that issue) because it would already have been presented for review. As you may or may not know, the standards found in *Strickland* operate in the assessment of counsel's efforts. Attached is a brief "memo" I put together recently on the question.

In any event, get back with me on the "missing witness" situation.

Yours truly,

Lew Dunn
Attorney at Law
Texas State Bar #06244600

Exhibit #14 B

FILED
GREGG COUNTY TEXAS
MAR 2 5 2013
BARBARA DUNCAN, DISTRICT CLERK
BY_____,DEPUTY

**LEW DUNN**
**ATTORNEY AT LAW**
P.O. BOX 2226
LONGVIEW, TEXAS 75606-2226
TELEPHONE 903-757-6711
FAX 903-757-6712

March 25, 2013

Ms. Grelynn Freeman
Court Reporter, 188th District Court
Gregg County Courthouse
100 E. Methvin
Longview, TX 75601

RE:    Cause No. 42,139-A
        The State of Texas
        vs.
        Michael Dean Perry
        188th Judicial District Court

Dear Ms. Freeman:

I have been appointed to represent the above Appellant in his appeal from a jury trial that ended with sentencing on February 28, 2013. This was a jury trial on both guilt/innocence and punishment. I need a complete Statement of Facts in the above-referenced case, including any and all pre-trial hearings, including any hearing on the suppression of any evidence and/or other pre-trial motions heard by the trial court, any admonishments by the Court, voir dire, the jury trial on the plea of "not guilty" and the jury trial on punishment, all opening and closing statements of counsel, any and all other hearings, including side-bar conferences, any post-conviction hearings, including any status hearings, hearing on motion for new trial, all evidence, objections by counsel, and rulings by the trial court, and arguments of counsel, and any and all exhibits. If there are any other post-trial hearings, I am requesting a record on those also.

Yours truly,

Lew Dunn
Attorney at Law
Texas State Bar No. 06244600

CC:    Mrs. Barbara Duncan, District Clerk
        Ms. Zan Colson Brown, Assistant Criminal District Attorney
        Mr. Michael Dean Perry

Exhibit #14C

*Brady Violation*

**LEW DUNN**
**ATTORNEY AT LAW**
P.O. BOX 2226
LONGVIEW, TEXAS 75606-2226
TELEPHONE 903-757-6711
FAX 903-757-6712

March 28, 2013

Mr. Michael Dean Perry        ATTORNEY-CLIENT PRIVILEGE
#1838827        ATTORNEY WORK PRODUCT
Byrd Unit, 21 FM 247        PRIVATE & CONFIDENTIAL
Huntsville, TX 77320

RE:    Cause # 42,139-A
       State of Texas vs. Michael Dean Perry
       On Appeal from the 188th Judicial District Court

Dear Mr. Perry:

I have received your most recent letter yesterday, March 27, 2013. I enclose copies of documents I have filed to begin the appeal process, including a Motion for New Trial. The hearing on the Motion for New Trial has been set for Monday, April 29, 2013, at 2:00 PM. I will notify the DA and the Court in a few weeks to get the bench warrant out for you to attend the hearing.

I have not had time to get a copy of the Motion for New Trial that you say you have filed. Your hearing is a month away. ( You state in your letter that the name of a potential witness was never disclosed to you.) Do you have a name, address, and telephone number of that person?) What would he/she have testified to if they had been available for trial? For there to be a *Brady* violation, there must be (1) admissible evidence (2) withheld by the State (3) that was "material" to the case that is, there was a reasonable probability that, had the evidence been disclosed, the outcome of the trial would have been different, (4) that neither you nor your counsel could have gotten using diligence, and (5) that the evidence was "favorable to the accused."

You raise many items about Mr. Cone, about what he did or did not do. It looks to me like those are the kinds of points best left to a post-conviction habeas. The appellate courts, particularly on direct appeal, are reluctant to second-guess the trial counsel's strategy in making decisions to do this or not do that. I have recently completed the trial part of a habeas for another inmate, and **it took almost a year** to gather up all of the information and put together a strong case for ineffectiveness and file the application. Even then, the **trial court here denied relief,** and now it's all been forwarded to Austin for review by the CCA. I realistically do not believe that 4 weeks is sufficient time to gather information, talk to witnesses, evaluate documents, and then decide, after all that,

whether to not to make an issue of this. You may disagree with me on this, but that is my honest, professional, judgment on the issue. It's a matter of time, and scope (extent) of the evidence, and then corroborating the evidence, and then deciding whether or not to pursue it. Besides those issues, you need to be cautious about raising that issue on direct appeal, get denied on direct appeal, and then be denied relief on habeas (on that issue) because it would already have been presented for review. As you may or may not know, the standards found in *Strickland* operate in the assessment of counsel's efforts. Attached is a brief "memo" I put together recently on the question.

In any event, get back with me on the "missing witness" situation.

Yours truly,

Lew Dunn
Attorney at Law
Texas State Bar #06244600